Steven Mark COX *v.* STATE of Arkansas

CR 85-200                                                705 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered March 3, 1986

Appellant, *pro se.*

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The sole issue involved in this case is whether appellant should receive credit for jail time spent in Texas from June 28, 1984 until March 31, 1985. The lower court refused to allow such credit. We affirm.

On November 28, 1983, appellant, Steven Mark Cox, pleaded guilty to charges of possession of cocaine and marijuana with intent to deliver. He was sentenced to a term of seven (7) years with two (2) years suspended. He was given credit for five (5) days jail time and was ordered to surrender on January 3,

1984 to begin serving his sentence. He failed to appear on that date, and a bench warrant was issued for his arrest.

On June 28, 1984, appellant was arrested in Texas on the Arkansas warrant. The State of Texas also charged appellant with crimes committed while he was there. In addition, Texas authorities refused to extradite appellant to Arkansas, choosing instead to try him on the Texas charges.

Appellant pleaded guilty to the Texas charges and was sentenced to a term of ten (10) years. The State of Arkansas placed a detainer against appellant in the Texas Department of Corrections. On or about February 24, 1985, appellant waived extradition. He was transported back to the State of Arkansas on March 31, 1985.

Appellant contends that he should receive credit for the jail time spent in Texas from his arrest on June 28, 1984 until he was returned to Arkansas on March 31, 1985. In support of that contention, he cites Ark. Stat. Ann. § 41-904 (Repl. 1977). It provides:

> *Credit for time spent in custody.* — If a defendant is held in custody for conduct that results in a sentence to imprisonment, the court shall credit the time spent in custody against the sentence.

In *Boone* v. *State*, 270 Ark. 83, 603 S.W.2d 410 (1980), we explained that "[o]ur statute requires that a defendant held in custody for conduct that results in a sentence to imprisonment be given credit for the time spent in custody against his sentence." We went on to explain in *Boone* that credit for jail time is appropriate when the pretrial incarceration is due to inability to make bail, but that it is not appropriate when the incarceration is due wholly to unrelated charges that are based on conduct other than that for which the defendant is sentenced. Further, in *Hughes* v. *State*, 260 Ark. 399-A, 540 S.W.2d 592 (1976), we held that no credit should be allowed for time spent in jail as a fugitive from justice.

Appellant was incarcerated in Texas for two reasons: (1) he was a fugitive from justice in Arkansas, and (2) he had committed other crimes in Texas. Thus, the reasons for incarceration are wholly unrelated to the conduct that resulted in

appellant's five-year sentence for possession of cocaine and marijuana with intent to deliver. Consequently, appellant should not receive any credit for the period of time that he was incarcerated in Texas.

Affirmed.

PURTLE, J., not participating.