Kenneth Marsh McGIRT v. STATE of Arkansas

CR 86-60                                          708 S.W.2d 620

Supreme Court of Arkansas
Opinion delivered May 5, 1986

*Thomas G. Montgomery*, Crittenden County Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant was found guilty of second degree forgery and sentenced as a habitual offender. We affirm.

On December 9, 1984, the appellant entered a Food 4 Less grocery store in West Memphis and placed $147.07 worth of groceries in his shopper's cart. He pushed the cart to the check-out counter where the bill for the groceries was electronically processed by the checker, Leslie Wheeler. The appellant presented to Wheeler a salary check drawn on the Bluff City Service Company, Inc., a Memphis business, payable to appellant in the amount of $412.21. It was purportedly drawn by John P. Johnson. Before she would cash the check, Wheeler took the check and appellant's driver's license to the store manager for approval. The store manager, Dan Brown, recognized the similarity between the check and some other forged checks. He called the security guard, Gary Gitchell, and together they went to the check-out counter where appellant was waiting. They asked appellant to go with them to the store office, where appellant made various statements to the effect that he should not have attempted to pass the check. He attempted to escape from the office but was caught. It is undisputed that the check had been stolen from the Bluff City Service Company, Inc., that appellant had never worked for the company, that he was not due any salary, and that John P. Johnson was not authorized to draw checks on the company. At trial, the checker, the store manager, and the security guard positively identified appellant. The evidence of guilt was simply overwhelming. The jury found appellant guilty, but, in a bifurcated proceeding, was unable to reach agreement on punishment. The trial court sentenced appellant, as a habitual offender, to twenty years, with eight years suspended. The Court of Appeals certified the case to this Court for interpretation of a statute.

The appellant argues that the trial court erred by refusing to instruct the jury on the lesser included offense of criminal attempt to commit forgery. The trial court was correct. The overwhelming

evidence shows that appellant possessed and attempted to pass, or passed, the stolen check. Forgery is defined in the relevant part as follows:

> 41-2302. *Forgery* — (1) A person forges a written instrument if with purpose to defraud, he draws, . . . *possesses* or *utters* any written instrument that purports to be or is calculated to become, or to represent if completed, the act of a person who did not authorize that act.
>
> . . .
>
> (3) A person commits forgery in the *second* degree if he forges a written instrument that is:
>
> (a) a deed, will, codicil, contract, assignment, *check*, commercial instrument, credit card, or other written instrument that does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status; . . . .

(Emphasis added.)

"Utter" is defined in Ark. Stat. Ann. § 41-2301 (7) (Repl. 1977):

> "Utter" means to transfer, pass, or deliver, or cause to be transferred, passed, or delivered to another person any written instrument, *or to attempt to do so.*

(Emphasis added.)

In *Mayes v. State*, 264 Ark. 283, 571 S.W.2d 420 (1978), we explained:

> The crime of forgery is much broader in scope than under previous statutes and the crimes previously known as forgery and uttering, formerly held to be separate offenses, are now included under the broad category of "forgery." Consequently, when the state charged appellant with forgery, the charge was broad enough to cover the crimes previously known as forgery, uttering and possession of a forged instrument. See Commentary, § 41-2302. Any of these acts constitutes the single crime of forgery. See *State v. Morse*, 38 Wash. 2d 927, 234 P.2d 478 (1951). Under the statute, one forges a written instrument if with purpose

to defraud, he draws, makes, completes, counterfeits, possesses or utters a written instrument that *purports to be* or is *calculated to become*, or *to represent if completed*, the act of a person who did not authorize the act. Sec. 41-2302 (1).

One commits forgery in the second degree if he forges a written instrument that is a *check*. He also commits forgery if he forges a written instrument that *does* or *may evidence, create, transfer, terminate or otherwise affect* a legal right, interest, obligation, or status. As we interpret the trial judge's statements, he properly applied the statute and held that the evidence was not sufficient to show that appellant had drawn, made, completed, altered or counterfeited the instrument presented, but that it did show that he had uttered it. The meaning of the word "utter" in the applicable section is broad enough to cover the delivery, or attempted delivery, of a written instrument to another person. Ark. Stat. Ann. § 41-2301 (Repl. 1977).

Here, the appellant possessed a check which purported to be drawn by a person who was not authorized to perform that act, and he passed or attempted to pass that check. The crime of forgery was complete upon his being in possession of the forged instrument, or upon his attempt to pass the check; or upon his passing of the check. Appellant was either guilty of forgery or nothing. It was not error to refuse to instruct the jury on a lesser included offense when the evidence clearly shows that the defendant is either guilty of the greater offense or innocent. Ark. Stat. Ann. § 41-105 (3) (Repl. 1977); *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980).

Appellant next argues that the record is insufficient to support an extended term under the habitual offender statute. Appellant has three prior convictions in Tennessee, but contends they are not felonies under Arkansas law. His contention is premised upon Ark. Stat. Ann. § 43-2329 (Repl. 1977) which treated conviction of an offense in another jurisdiction as a felony only if the offense would have been a felony if committed in Arkansas. While that statute has not been repealed, we stated in *Reeves* v. *State*, 263 Ark. 227, 564 S.W.2d 503 (1978), that it was superseded by Ark. Stat. Ann. § 41-1002 (Repl. 1977). The

appellant relies on our reference in *Atkins* v. *State*, 287 Ark. 445, 701 S.W.2d 109 (1985), to the old statute. That reference was incorrect and should have been to Ark. Stat. Ann. § 41-1002 (Repl. 1977), which treats conviction of an offense in another jurisdiction as a felony if the offense could result in imprisonment for a term in excess of one year in the foreign jurisdiction.

At trial, the evidence consisted of duly certified copies of the records of three judgments of conviction in the Criminal Court of Shelby County, Tennessee. Under Tennessee law, all three convictions were punishable by imprisonment of a term in excess of one year. The evidence was sufficient to support the extended term.

The trial court did not personally determine the number of prior felony convictions in accordance with Ark. Stat. Ann. § 41-1005 (2) (Supp. 1985), but instead, without objection, submitted the issue to the jury pursuant to an earlier version of the statute. During their deliberation, the jury returned and advised the court that they were having difficulty in determining whether the Tennessee offenses were felonies. Among the court's comments was the following: "In each case the judgment does provide at the bottom that the defendant is rendered infamous which is further evidence which you may consider in determining whether or not they are or are not felonies." The appellant contends the comment violated Article 7, Section 23 of the Constitution of Arkansas as the statement was a comment by the trial judge on a factual matter. The comment is not cause for reversal.

First, appellant had no right to have a jury decide the issue. Ark. Stat. Ann. § 41-1005(2) (Supp. 1985). Therefore, the appellant cannot show any prejudice by a supposedly improper comment to the jury.

Second, the issue of the number of prior convictions is a matter of law, not a matter of fact. *Shockley* v. *State*, 282 Ark. 281, 668 S.W.2d 22 (1984). Since the matter was an issue of law, rather than fact, the constitutional prohibition against commenting on a factual issue does not apply.

During the penalty phase of the bifurcated trial, the jury reported that they had unanimously agreed that appellant was a habitual offender, but they were split ten to two on the penalty.

The jury, at the time, had been in deliberation on the penalty phase of the trial for three hours and fifteen minutes. The following colloquy occurred:

THE COURT: Do you feel if given an additional period of time to deliberate that you would be able to reconcile or resolve that difference and reach an opinion? I see some shaking of the heads here so I gather you would not?

FOREMAN: We have been trying that and I don't think we could.

THE COURT: I'm going to accept that.

The appellant contends that the court erred by refusing to give AMCI 6004, the Allen charge, before taking the fixing of punishment away from the jury. We find no merit in the argument. Ark. Stat. Ann. § 41-802(2)(c) (Repl. 1977) authorized the trial court to fix the punishment when the jury cannot agree on the punishment. Determining when the jury cannot agree is a matter over which the trial court has considerable discretion. The trial court did not abuse its discretion under the facts of the case.

The appellant's last argument is that the trial judge did not give him credit for the time he spent in jail while awaiting trial. The trial court gave appellant 120 days credit for the time he spent in jail awaiting trial on this charge. *See* Ark. Stat. Ann. § 41-904 (Repl. 1977). He was not entitled to credit for time in jail for an unrelated charge. *Boone* v. *State*, 270 Ark. 83, 603 S.W.2d 410 (1980).

Affirmed.

PURTLE, J., not participating.