Vernon Dale TRAVIS *v.* STATE of Arkansas

CR 86-204                                              730 S.W.2d 501

Supreme Court of Arkansas
Opinion delivered June 15, 1987

*Gregory E. Bryant*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. While serving a life sentence for a homicide in the Arkansas Department of Correction, appellant killed a fellow inmate and was charged with capital murder in August 1981. Twelve months later, he pled guilty to a reduced charge of first degree murder and was sentenced to a twenty-year term to run consecutively to his existing life sentence. In September 1986, appellant brought this action, requesting the trial court to amend his commitment order to reflect the penitentiary time he was already serving on the prior homicide but which caused him,

also, to be incarcerated for the twelve-month period between his arrest and his eventual conviction for this second homicide. The trial court treated appellant's letter-request as a petition for mandamus and denied it. We affirm.

Appellant's argument, while unique, is wholly without merit. He simply was not entitled to credit for his time in jail or the pentitentiary because the time he was serving was on an unrelated charge. *See McGirt* v. *State,* 289 Ark. 7, 708 S.W.2d 620 (1986). He cites Ark. Stat. Ann. § 41-904 (Repl. 1977), which deals with credit for time spent in custody, but that law clearly does not apply when, as here, the defendant's incarceration exists because of charges or criminal conduct other than the one on which the defendant seeks credit and for which he is convicted and sentenced.

The trial court correctly denied appellant's petition, and we affirm.