William T. HUMPHREY *v.* STATE of Arkansas

CR 89-113                                        779 S.W.2d 530

Supreme Court of Arkansas
Opinion delivered November 6, 1989

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. The appellant pled guilty in Sevier County to charges of theft of property and felon in possession of a firearm. As a habitual offender, he received a sentence of eight (8) years for each offense to run concurrently. During the appellant's incarceration before his plea in Sevier County, he was transferred to Garland County jail for a separate theft of property charge entered in that county. He also pled guilty to the Garland County theft charge, and received a sentence of eight (8) years to run concurrent with his Sevier County sentence. Appellant received seventeen days of jail time credit applied to his Sevier County sentence and 143 days of jail time credit applied to his Garland County sentence. The trial court denied appellant's request that his Garland County jail time credit should also be applied to his Sevier County sentence. The appellant then filed this pro se appeal, arguing the trial court erred in denying his request. His argument is without merit.

Under Ark. Code Ann. § 5-4-404 (1987), a defendant held in custody for conduct that results in a sentence to imprisonment, shall have the court credit the time spent in custody against

the sentence. This court repeatedly has held that credit for jail time is appropriate when the pretrial incarceration is due to inability to make bail, but that it is not appropriate when the incarceration is due wholly to unrelated charges that are based on conduct other than that for which the defendant is sentenced. *Travis v. State*, 292 Ark. 463, 730 S.W.2d 501 (1987); *McGirt v. State*, 289 Ark. 7, 708 S.W.2d 620 (1986); *Cox v. State*, 288 Ark. 300, 705 S.W.2d 1 (1986). The appellant's incarceration in Garland County was related to the theft of property charges brought in that county and was unrelated to his charges in Sevier County. In other words, the appellant's incarceration in Garland County was due wholly to unrelated charges that were based on conduct other than that for which the appellant was sentenced in Sevier County. The trial court was infinitely correct in applying the jail time to the two separate crimes involved here.

For the reasons stated above, we affirm.