Tyrone JONES *v.* STATE of Arkansas

CR 89-201                                            785 S.W.2d 217

Supreme Court of Arkansas
Opinion delivered March 12, 1990
[Supplemental Opinion on Denial
of Rehearing May 21, 1990.]

*William R. Simpson, Jr.*, Public Defender, and *Jerry J. Sallings*, Deputy Public Defender, by: *Didi H. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. On June 30, 1989, the appellant, Tyrone Jones, pleaded guilty to, and was convicted of: 1) three counts of robbery and sentenced to ten years on each count to run consecutively to one another and to all of his other convictions; 2) robbery and sentenced to five years to run consecutively to his other convictions; 3) aggravated robbery and sentenced to life imprisonment; 4) burglary and sentenced to ten years and theft of property and sentenced to five years, both to run concurrently to each other but consecutively to his other convictions; and 5) escape in the second degree and sentenced to two years to run consecutively to his other convictions.

Jones received fourteen months jail time credit for time served prior to his sentence to imprisonment, which was applied only to the escape in the second degree conviction.

In his sole point of error, Jones contends that the trial court erred in failing to give fourteen months of jail time credit to each of the imposed sentences.

Arkansas Code Ann. § 5-4-404 (1987) provides as follows:

> If a defendant is held in custody for conduct that results in a sentence to imprisonment, the court shall credit the time spent in custody against the sentence.

Although one may not appeal from a guilty plea, *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987), and A.R.Cr.P. Rule 36.1, we have held that a criminal defendant who has pleaded guilty may appeal on the issue of the application of jail time credit. *Cox* v. *State*, 288 Ark. 300, 705 S.W.2d 1 (1986).

In *Travis* v. *State*, 292 Ark. 463, 730 S.W.2d 501 (1987), we held that the defendant was not entitled to credit for his time in jail or the penitentiary because the time he was serving was on an unrelated charge. In referring to Ark. Stat. Ann. § 41-904 (Repl. 1977) (now codified as Ark. Code Ann. § 5-4-404 (1987)), we stated that "that law clearly does not apply when, as here, the defendant's incarceration exists because of charges or criminal conduct other than the one on which the defendant seeks credit and for which he is convicted and sentenced." *See McGirt* v. *State*, 289 Ark. 7, 708 S.W.2d 620 (1986); *Boone* v. *State*, 270 Ark. 83, 603 S.W.2d 410 (1980).

In this case, Jones was initially charged on April 5, 1988, with one count of aggravated robbery and two counts of robbery and held in continuous custody (except for a brief period while on escape) until he was sentenced to imprisonment on June 30, 1989. He was also charged with the following offenses: 1) on April 22, 1988, with aggravated robbery; 2) on May 24, 1988, with aggravated robbery, burglary, kidnapping, rape, and two counts of theft of property; and 3) on July 5, 1988, with escape in the second degree.

The subsequent offenses with which Jones was charged are wholly unrelated to the conduct that resulted in his sentence of three consecutive ten year terms for three counts of robbery, which was based on the April 5, 1988, charges. Accordingly, he is entitled to 452 days of credit for the time served between April 5, 1988, and June 30, 1989. Under the rationale of *Travis, supra,* jail time credit should only be applied to the sentences relating to the April 5, 1988, charges.

Consequently, the judgment is affirmed as modified and remanded in accordance with this opinion.

PRICE, J., not participating.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### MAY 21, 1990
789 S.W.2d 730

*William R. Simpson, Jr.*, Public Defender, by: *Didi H. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

PER CURIAM. In this matter, the trial court denied appellant's application for jail time credit, and on appeal, we affirmed as modified and remanded the trial court to conform its holding to show that the appellant has 452 days of jail time credit. The state, in its petition for rehearing, contends this court had no appellate jurisdiction of the trial court's denial of the appellant's motion for jail time credit because the sentences imposed against appellant arose from his guilty pleas, from which he had no right to appeal. *See* A.R.Cr. P. Rule 36.1; *Jenkins* v. *State*, 301 Ark. 20, 781 S.W.2d 461 (1989); *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987). The state is wrong.

Under Ark. Code Ann. § 16-90-111(b)(1) (Supp. 1989), a circuit court has authority to reduce a sentence within 120 days after the sentence is imposed or after receipt of a mandate issued upon affirmance of the judgment or dismissal of the appeal. Here, the appellant pled guilty to three felonies on June 12, 1989, and on June 30, 1989, or eighteen days later, he also requested jail time credit, which the trial court denied. Appellant's request for jail time credit and reduction of sentence was timely made, and he duly filed his appeal from the trial court's denial of his request. Clearly, we had appellate jurisdiction to decide the correctness of the trial court's decision.

The state correctly notes that, in our opinion, we misrepresented the holding in *Cox* v. *State*, 288 Ark. 300, 705 S.W.2d 1 (1986), as stating that a defendant who has pleaded guilty may appeal on the issue of the application of jail time credit. Even so, since the lower court and this court in the present case had jurisdiction to consider appellant's argument for jail time credit under § 16-90-111(b)(1), such a miscue in no way affects the result this court reached. In reading *Cox*, it is difficult to discern exactly how that matter came to this court for review, but it is of no import. There, *Cox* filed his motion for jail time credit in circuit court within three years of his conviction judgment, and the lower court and this court on appeal could have considered such issue under A.R.Cr.P. Rule 37, even if Cox had been unable to raise it in any other manner.[1] *See Williams* v. *State*, 291 Ark. 255, 724 S.W.2d 158 (1987).

The state's petition for rehearing is denied.

---

[1] Rule 37 has since been abolished. *See Whitmore* v. *State*, 299 Ark. 55, 771 S.W.2d 266 (1989).