Bruce Lamont BAILEY *v.* A. L. LOCKHART, Director, Arkansas Department of Correction

90-85                                          791 S.W.2d 372

Supreme Court of Arkansas
Opinion delivered July 2, 1990

---

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *John D. Harris*, for appellee.

OTIS H. TURNER, Justice. The appellant sought mandamus to require credit for time served earlier in the Department of Correction against a sentence he is presently serving. This appeal is from a denial of the appellant's petition. We find that the appellant's sentences and credits for time served have been correctly calculated, and we affirm.

On October 10, 1984, the appellant was convicted of kidnapping and rape and sentenced to two fifty-year terms, to run concurrently.

On October 25, 1984, he was convicted of robbery and sentenced to a term of ten years.

The appellant's kidnapping and rape convictions were reversed on appeal on October 14, 1985. Facing a retrial, the appellant, on November 5, 1985, pled guilty to the kidnapping and rape charges and was resentenced on that date to concurrent two-year terms, to run concurrently with the existing robbery term.

If the appellant had been incarcerated only for the kidnapping and rape charges from October 10, 1984, until the reversal on October 14, 1985, the appellant would be entitled to a credit for the time served. However, from October 25, 1984, he was also serving a concurrent sentence for robbery and is therefore not entitled to credit while serving time on an unrelated charge. *Humphrey v. State*, 300 Ark. 383, 779 S.W.2d 53 (1989); *McGirt v. State*, 289 Ark. 7, 708 S.W.2d 620 (1986).

There is a fifteen-day hiatus between the original sentences for kidnapping and rape, which were imposed on October 10, 1984, and his conviction for robbery on October 25, 1984. It is not clear from the record exactly how this was handled. However, the

record clearly reflects that upon resentencing on the kidnapping and rape charges, the appellant was given credit for forty-two additional days against his sentence, which is presumed to include the fifteen days between October 10, 1984, and October 25, 1984.

Affirmed.