**Vernon Dale TRAVIS, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 90–2126.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1991.

Decided Feb. 11, 1991.

---

Jack Lassiter, Little Rock, Ark., for appellant.

Jack Gillean, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before McMILLIAN, FAGG and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Vernon Dale Travis appeals from a final order entered in the District Court for the Eastern District of Arkansas dismissing his 28 U.S.C. § 2254 petition for writ of habeas corpus on the merits. For reversal, Travis argues the district court erred in failing to credit him with jail time served prior to his 1982 murder conviction. For the reasons discussed below, we vacate the order of the district court and remand the case with directions to dismiss the habeas petition on the ground that it raised only a matter of state concern.

In 1974 Travis was convicted of murder and sentenced to life imprisonment. On August 28, 1981, while serving this sentence, he was arrested and charged with the murder of a fellow inmate. On August 16, 1982, Travis pleaded guilty to the inmate murder and was sentenced to a term of 20 years imprisonment, such term to be served concurrently with his life sentence. On August 15, 1986, his 1974 murder conviction was vacated; the state did not retry him.

In September 1986 Travis filed a petition for writ of mandamus in state court seeking 353 days of credit toward his 1982 murder sentence, under Ark.Code Ann. § 5–4–404 (1987) (formerly Ark.Stat.Ann. § 41–904 (repl.1977)), which provides if a defendant is held in custody for conduct that results in a sentence to imprisonment, the court shall credit the time spent in custody against the sentence. Travis did not advise the court that his 1974 conviction had been vacated. In June 1987 the Arkansas Supreme Court denied Travis's mandamus petition on the ground that § 5–4–505 was inapplicable because he was incarcerated because of charges or criminal conduct other than the one on which he sought credit. *Travis v. State*, 292 Ark. 463, 730 S.W.2d 501, 502 (1987). The opinion of the court did not refer to the fact that his 1974 conviction had been vacated.

In September 1987 Travis filed pro se the instant habeas petition seeking the 353 days of credit. The state filed a motion to dismiss for failure to exhaust administrative remedies. Travis responded that he had filed a state mandamus action for the requested relief as evidenced in *Travis v. State*. With the assistance of appointed counsel, Travis filed a pretrial in which he stated, inter alia, that in *Travis v. State*, the state supreme court did not refer to the fact that his 1974 conviction had been vacated and apparently did not consider this fact. Travis subsequently filed a motion for summary judgment on the ground that § 5–4–404 created a liberty interest entitling him to the claimed credit. Specifically, he argued that while his 353–day incarceration prior to the 1982 sentence had originally served a dual purpose, after the 1974 conviction had been vacated, the incarceration served only as the equivalent of

pretrial detention for the inmate murder charge.

Relying on *Nash v. Black,* 781 F.2d 665 (8th Cir.1986) (liberty interest exists where state statute contains particularized substantive standards and mandatory language requiring decisionmakers to act in certain way), the magistrate judge concluded that Travis was properly denied the credit when he was sentenced in 1982, that § 5–4–404 did not provide for a retroactive award of credit due to changed circumstances and, thus, that Travis had no liberty interest by virtue of the subsequent vacating of his 1974 conviction. After noting the absence of evidence indicating whether Travis had exhausted administrative remedies, the magistrate judge recommended denying Travis's motion for summary judgment and granting the state's motion to dismiss.

Over Travis's objections, the district court adopted the magistrate judge's recommendation and dismissed the habeas petition. In this timely appeal, Travis reasserts the liberty interest argument that he advanced in the district court. The state has conceded that Travis has exhausted his state remedies (Brief for Appellee at 2 n. 1).

As a preliminary matter, we note that Travis did not specifically premise his state mandamus action on the fact that his 1974 conviction had been vacated. Because the state did not raise the procedural default in the district court or on appeal, we may address the merits of Travis's habeas claim. *See, e.g., Porter v. Wainwright,* 805 F.2d 930, 940 n. 11 (11th Cir.1986) (appellate court would not consider procedural default where state did not raise issue in district court or on appeal), *cert. denied,* 482 U.S. 918, 107 S.Ct. 3195, 96 L.Ed.2d 682 (1987).

Travis's claim for credit requires interpretation of a state statute, that is, whether Travis was covered by § 5–4–404. Because "[a]pplication of presentence jail time to a subsequent sentence is legislative grace and not a constitutional guarantee," *Patino v. South Dakota,* 851 F.2d 1118, 1120 (8th Cir.1988) (per curiam) (citation

omitted), the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction. *See, e.g., Harkins v. Wyrick,* 589 F.2d 387, 391 (8th Cir.1979) (interpretation of state crediting statute not proper function of federal habeas court). For this reason, we hold the district court erred in interpreting the Arkansas crediting statute on the merits in this habeas case.

Accordingly, the order of the district court is vacated and the case is remanded to the district court with directions to dismiss the habeas petition on the ground that it raised only a matter of state concern.