14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Boyer A. BRACY, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 93-1601.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1993.
 
 Before: MERRITT, Chief Judge, and NELSON and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Boyer A. Bracy, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1976, Bracy was sentenced to fifteen years of imprisonment with a twenty year special parole term for possessing and conspiring to possess a controlled substance. He was released on parole in November 1982, but was arrested in June 1985 on criminal charges. After his 1985 arrest, Bracy was convicted on numerous criminal charges over the ensuing years.
 
 
 3
 Bracy filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241 essentially contending that he should be given credit for time served in custody between June 5, 1985, through August 26, 1986, and May 23, 1987, through November 17, 1988, towards not only the expiration of his parole violation term of his 1976 sentence, but also towards his 1988 sentence. He also argues that his 1988 guilty plea was not knowingly and voluntarily entered. The district court dismissed the petition as meritless. In his timely appeal, Bracy raises the same issues that he presented to the district court.
 
 
 4
 Upon de novo review, we conclude that the district court properly dismissed Bracy's petition. See Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990).
 
 
 5
 Bracy was properly granted credit for the time in question towards his 1976 sentence. He was not entitled to double credit, i.e., having the time in question apply to both his 1976 and 1988 sentences. Doyle v. Elsea, 658 F.2d 512, 515 (7th Cir.1981) (per curiam); see also United States v. Blankenship, 733 F.2d 433, 435 (6th Cir.1984). Furthermore, Bracy's challenge to his guilty plea is not cognizable under Sec. 2241; such a challenge may only be filed under 28 U.S.C. Sec. 2255. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.