Nelson HOOVER, Petitioner,

v.

Robert SNYDER and M. Jane Brady, Respondents.

Civ. A. No. 95–383–RRM.

United States District Court,
D. Delaware.

Nov. 3, 1995.

Nelson Hoover, pro se.

Loren C. Meyers, Esquire, Delaware Department of Justice, Wilmington, for respondents.

McKELVIE, District Judge.

This is a habeas corpus case brought by a state prisoner pursuant to 28 U.S.C. § 2254. On June 14, 1995, petitioner was granted leave to file his habeas corpus petition *in forma pauperis.* Docket Item ("D.I.") 1. On August 23, 1995, defendants filed their answer. D.I. 12.

On November 4, 1992, petitioner pled guilty in Delaware Superior Court to criminal mischief (Criminal Action No. IS92–09–2123), resisting arrest (Criminal Action No. IS92–09–1124), and felony theft (Criminal Action No. IS92–09–2132). For the theft conviction, petitioner was sentenced to two years imprisonment, effective August 29, 1992, suspended after time served for six months work release, to be followed by one year probation. For the criminal mischief and resisting arrest convictions, petitioner

was sentenced to two consecutive terms of six months imprisonment, suspended for six months probation. Hoover's total sentence was three years imprisonment, effective August 29, 1992, suspended after time served for six months work-release and two years probation. It appears, however, that petitioner's jail time was suspended, and petitioner was transferred into the work-release program.

On January 30, 1993, and February 1, 1993, apparently while petitioner was serving the work-release portion of the November 4, 1992 sentence, he was arrested on three separate sets of charges. Hoover was charged with multiple counts of third degree burglary and misdemeanor theft in Criminal Action Nos. IS93–02–0382–0392. Hoover was charged with walking drunk on a highway, resisting arrest, offensive touching, assaulting a police dog, and related offenses in Criminal Action Nos. IS93–02–0393–0399. Hoover was charged with felony theft, resisting arrest, and various traffic offenses in Criminal Action Nos. IS93–02–0374–0381.

On February 10, 1993, petitioner was notified that the Delaware Superior Court would hold a "violation of probation (work-release)" hearing on February 19, 1993. On February 19, 1993, the violation of probation hearing was continued until after the resolution of the new charges, and petitioner was held without bail until the violation of probation hearing.

On November 8, 1993, Hoover plead guilty to third degree burglary (Criminal Action No. IS93–02–389), terroristic threatening (Criminal Action No. IS93–02–395), resisting arrest (Criminal Action No. IS93–02–396), driving while intoxicated (Criminal Action No. IS93–02–376), and felony theft (Criminal Action No. IS93–02–380). Hoover was sentenced that same day "to a total of six years and sixty days imprisonment, suspended after time served and an additional six months imprisonment for five years probation." The effective date of this sentence was January 30, 1993, the day that petitioner was first arrested on these new charges and placed in pre-trial detention.

On November 19, 1993, Judge T. Henley Graves of the Delaware Superior Court held a hearing to determine whether petitioner violated terms of the work-release conditions imposed at the November 4, 1992 sentencing as a result of the November 8, 1993 convictions. Judge Graves found that petitioner had violated the terms of his work-release. Judge Graves revoked Hoover's work-release and probation and resentenced Hoover to a total of three years imprisonment in Criminal Action Nos. IS92–09–2123, 2124, and 1132 effective November 19, 1993, "suspended after one year imprisonment for six months work release and eighteen months probation."

Hoover filed a motion to modify the November 19, 1993 sentence, which was denied by the Delaware Superior Court. Hoover appealed the Superior Court's order to the Delaware Supreme Court. The Delaware Supreme Court affirmed the Superior Court. The issues presented to this Court appear to be similar to the issues presented to the Delaware Supreme Court. Thus, it appears that Hoover has exhausted state remedies. *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227 (3d Cir.1992).

First, petitioner argues that when he was resentenced by Judge Graves on November 19, 1993, for violation of work-release, the sentence imposed did not credit petitioner for the three months and twenty-six days that he served on work-release prior to the January 30, 1993, arrest. Next, petitioner argues that the sentence imposed by Judge Graves on November 19, 1993, did not credit petitioner for the sixty-eight days that he spent in pre-trial detention awaiting the November 4, 1992, hearing. Finally, petitioner argues that the sentence imposed by Judge Graves on November 19, 1993, did not credit petitioner for the time that he spent in pre-trial detention awaiting the November 19, 1993, hearing.

Here, it appears that petitioner is arguing that Judge Graves interpreted 11 Del.C. § 3901(b) or (c) incorrectly when he resentenced petitioner on November 19, 1993. That section provides that a defendant shall receive credit for pretrial detention served in lieu of release on bail when sentenced to a term of incarceration *Id.* However, it is

clear that to the extent that petitioner is challenging Judge Graves' interpretation and application of 11 Del.C. § 3901(b) or (c), "the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." *Harding v. Oberly,* Civil Action No. 94–97–SLR Mem.Op. at 5, 642 A.2d 837, 1994 WL 151034 (D.Del.1994); *see also Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir.1991); *Allen v. Maass,* 1993 WL 20130 (D.Or.1993) ("[i]n short, a state petitioner's right to credit for jail time served prior to his conviction is a question of state law"). Thus, to the extent that petitioner claims that Judge Graves committed errors of state law, such claims are not cognizable in federal habeas corpus proceedings.

■ Petitioner also appears to argue that when he was sentenced on November 19, 1993, he had a constitutional right to the time that he spent in pre-trial detention awaiting both the November 4, 1992, and the November 19, 1993, hearings. Furthermore, petitioner appears to argue that he has a constitutional right to credit for the time that he spent on work-release.

As to petitioner's contention that he is entitled to credit for the time that he spent on work-release, is clear that the constitution does not require a state to give credit for time served towards a sentence imposed for a violation of work-release for the amount of time that the petitioner spent on work-release. *See, e.g., United States v. Dillard,* 910 F.2d 461, 466 (9th Cir.1990); *United States v. Lockard,* 910 F.2d 542, 544 (9th Cir.1990); *United States v. Smith,* 869 F.2d 835, 837 (5th Cir.1989) ("we have rejected the argument that the time a prisoner spends on [probation] must be credited [towards the sentence imposed at re-sentencing for violation of probation]"). Here, the November 19, 1993 sentence was imposed for a violation of work-release. Thus, petitioner had no constitutional right to credit for the time that he spent on work-release.

■ As to petitioner's claim that he had a constitutional right to credit for the approximately twenty-nine days spent in pretrial detention awaiting the November 4, 1992 hearing, and what he claims is the "two

months and four days" that he spent in pretrial detention awaiting the violation of probation hearing, it is clear that "as a general rule, a state prisoner has no federal constitutional right to credit for time served prior to sentencing absent a state statute granting such credit." *See, e.g., Palmer v. Dugger,* 833 F.2d 253, 254 (11th Cir.1987); *Jackson v. Alabama,* 530 F.2d 1231 (5th Cir.1976). However, when a prisoner is held for a bailable offense, is unable to make bail because of indigence, and upon conviction is sentenced to the statutory maximum for that offense, the prisoner is entitled under the Equal Protection Clause of the Fourteenth Amendment to credit for his presentence incarceration. *Palmer,* at 255; *see also Williams v. Illinois,* 399 U.S. 235, 241, 90 S.Ct. 2018, 2022, 26 L.Ed.2d 586 (1970) (holding that "an indigent defendant may not be imprisoned ... beyond the maximum authorized by the statute regulating the substantive offense").

The Court will assume that petitioner was held for a bailable offense prior to the November 4, 1992 hearing, and that he was unable to make bail because of indigence. However, it appears that petitioner was held without bail awaiting the November 19, 1993 hearing. Nevertheless, the Court will analyze petitioner's claim as if he was held for a bailable offense and was unable to make bail because of his indigence.

It is clear that petitioner was not sentenced to the statutory maximum. Judge Graves could have sentenced petitioner to two years incarceration on November 19, 1993, but he only imposed a one year sentence. 11 Del.C. § 4334(c). When the twenty-nine days that petitioner spent in pretrial detention awaiting the November 4, 1992 hearing, are added to the "two months and four days" that he spent in pre-trial detention awaiting the violation of probation hearing, it is clear that petitioner's total sentence is still less than the two year statutory maximum. Thus, petitioner's constitutional rights were not violated.

■ Furthermore, it is clear that petitioner did in fact receive credit for the time served awaiting sentencing on November 19, 1993, when petitioner was sentenced on No-

vember 8, 1993 in Criminal Action Nos. IS93–02–376, 380, 389, and 395. In addition, the original November 4, 1992 sentence, did credit Hoover for the twenty-nine days served in pre-trial detention awaiting that hearing. Thus, petitioner has already been credited for all time served in pre-trial detention. Nothing in the constitution requires that an indigent defendant receive "double credit" for time served in pre-trial detention. *See, e.g., Bracy v. Gluch,* 14 F.3d 600 (6th Cir.1993) ("Bracy was properly granted credit for the time in question towards his [first] sentence. He was not entitled to double credit, i.e., having the same time in question apply to [both sentences]"); *Doyle v. Elsea,* 658 F.2d 512 (7th Cir.1981). Thus, petitioner's constitutional claims concerning his right to credit for time served in pre-trial detention are without merit.

For the reasons set forth in this Opinion, the court will dismiss the petition (D.I. 2) and the writ is denied. The court will enter an Order in accordance with this Opinion.