

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-17-185

| | |
|---|---|
| DAVID HANLEY | **Opinion Delivered:** November 8, 2017 |
| APPELLANT | |
| | APPEAL FROM THE JEFFERSON |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 35CR-14-119] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE BERLIN JONES, JUDGE |
| | AFFIRMED |

## RITA W. GRUBER, Chief Judge

In Jefferson County Circuit Court case no. 35CR-14-119-1, David Hanley entered a plea of no contest to five felony charges: robbery, aggravated residential burglary, terroristic threatening, theft of property valued at more than $1000 but less than $5000, and possession of firearms by certain persons. The sentencing order, entered on October 25, 2016, reflects that the court accepted Hanley's plea, sentenced him to concurrent terms of imprisonment in the Arkansas Department of Correction for a total of 180 months, and gave him 31 days of jail-time credit toward the sentence. Hanley subsequently filed a motion asserting that the calculation of jail-time credit was incorrect and seeking an expedited ruling on the issue. The State responded that the credit was correctly calculated. The court addressed the motion in a November 21, 2016 order finding that 31 days was the correct calculation.

Hanley timely appeals from the sentencing order and the order addressing jail-time credit. He contends that the circuit court erred by failing to credit him with the appropriate amount of jail time. We affirm.

Arkansas Code Annotated section 5-4-404, entitled *Credit for time spent in custody*, reads as follows:

> *If a defendant is held in custody for conduct that results in a sentence to imprisonment* or confinement as a condition of suspension or probation, *the court*, the Department of Correction, or the Department of Community Correction *shall credit the time spent in custody against the sentence*, including time spent in a local jail facility awaiting transfer to the Department of Correction or the Department of Community Correction.

Ark. Code Ann. § 5-4-404 (Repl. 2013) (emphasis added).

Here, the circuit court's order denying Hanley's motion for correction of jail-time credit included these findings of fact:

> 1. The Defendant was arrested upon probable cause on February 11, 2014, for the offenses of Aggravated Residential Burglary and Theft of Property. Formal charges in that incident were filed March 11, 2014, for Aggravated Robbery[1] and Aggravated Residential Burglary (both Class Y felonies), Terroristic Threatening I (Class D felony) and Theft of Property (Class D felony). The Information was subsequently amended on April 16, 2014, to include a charge of Possession of Firearm by Certain Persons (Class B felony). Simultaneously, on March 13, 2014, the Defendant picked up other charges in 35CR-14-123-1 (Possession of a Firearm by Certain Persons, a Class B felony) and the State filed a Petition to Revoke his probated sentence in 35CR-11-451-5 and 35CR-11-616-5. This was served on the Defendant on March 12, 2014.
>
> 2. The Defendant entered a plea of guilty to the Possession of a Firearm by Certain Persons charge in 35CR-14-123-1 and to violating the terms and conditions of his probation in 35CR-11-451-5 and 35CR-11-616-5 on March 12, 2015. He was sentenced to 144 months in the Arkansas Department of Correction for a revocation of his probated sentence for Commercial Burglary and Criminal Mischief I in 35CR-11-451-5; 44 months for a revocation of his probated sentence for Residential

---

[1]The initial charge of aggravated robbery was later reduced to Class B felony robbery as reflected in the sentencing order.

Burglary in 35-11-616-5; and 144 months on the Possession of Firearms by Certain Persons charge in 35CR-14-123, all terms were to run concurrent. He was given 420 days jail credit on those sentences.

Hanley does not dispute these factual findings on appeal. Instead, he challenges, as he did below, the calculation of jail-time credit at only 31 days in 35CR-14-119-1. He contends that he is entitled to jail-time credit for the 394 days from February 11, 2014, the date of his arrest on those original charges, until March 12, 2015, when he was committed to the Arkansas Department of Correction for charges in 35CR-11-451-5, 35CR-11-616-5, and 35CR-14-123-1.[2]

Hanley relies in part on *Jones v. State*, 301 Ark. 510, 785 S.W.2d 217 (1990). There, after having been charged initially on April 5, 1988, with one count of aggravated robbery and two counts of robbery, appellant was held in continuous custody—except for a brief period of escape—until being sentenced to imprisonment on June 30, 1989. *Jones*, 301 Ark. at 512, 785 S.W.2d at 218. He was charged on April 22, 1988, with one additional offense; was charged on May 24, 1988, with six additional offenses; and received another charge (second-degree escape) on July 5, 1988. *Id.* The circuit court gave him 14 months of jail-time credit for time served prior to his sentence to imprisonment on the conviction for escape, and he contended on appeal that the circuit court erred in failing to give him credit on other sentences that were imposed. Our supreme court remanded the case to the circuit court, explaining that the credit should be applied only to sentences related to the original charges of April 5, 1988:

---

[2]Hanley requested 988 days of jail time credit in his motion to the circuit court. He now states that this calculation was incorrect.

The subsequent offenses with which Jones was charged are wholly unrelated to the conduct that resulted in his sentence of three consecutive ten year terms for three counts of robbery, which was based on the April 5, 1988 charges. Accordingly, he is entitled to 452 days of credit for the time served between April 5, 1988, and June 30, 1989.

*Id.*

Here, Hanley was sentenced on subsequent charges over a year before he was sentenced on the initial charges. He received 420 days' jail–time credit against his sentences for subsequent charges and revocation. When he was finally sentenced on the initial charges, he was credited an additional 31 days' jail time against that sentence.

We agree with the State that Hanley is essentially asking for his jail time to be counted twice when he asks that an additional 394 days of the same jail-time credit be applied to his sentence for the initial charges, including the entire period of time during which he was in jail for the subsequent charges and revocation. "Double counting" jail time clearly is impermissible. *See Humphrey v. State*, 300 Ark. 383, 384, 779 S.W.2d 530, 531 (1989); *Cox v. State*, 288 Ark. 300, 301, 705 S.W.2d 1, 2 (1986) (explaining that "credit for jail time is appropriate when the pretrial incarceration is due to inability to make bail, but . . . not appropriate when the incarceration is due wholly to unrelated charges . . . based on conduct other than that for which the defendant is sentenced").

Under *Jones*, *supra*, regardless of whether the jail time from Hanley's initial arrest until his sentencing on the subsequent charges should apply against his sentence on the initial rather than the subsequent charges, the time should not be applied against both sentences. He is entitled to no more jail–time credit.

Affirmed.



HIXSON and MURPHY, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.