PHILLIP T. WHITEAKER, Judge
Appellant Jermaine Bailey pled guilty to one count of second-degree murder and to one count of possession with intent to deliver. He appeals the Jefferson County Circuit Court's allocation of jail-time credit between his second-degree-murder conviction and his conviction for possession of a controlled substance with intent to deliver, claiming that the circuit court improperly applied the credit to his possession conviction instead of his murder conviction. We affirm.
Bailey was arrested on a first-degree-murder charge on July 29, 2015.[1] He was held continuously on this charge from the date of his arrest until December 1, 2015, when he was released on a $ 250,000 bond.
On March 29, 2016, Bailey was arrested on new charges of possession of crack *22 with purpose to deliver and simultaneous possession of drugs and firearms.[2] Two days later, on March 31, the circuit court revoked Bailey's bond on the murder charge.
On April 5, 2018, Bailey entered plea agreements in both cases. In exchange for pleading guilty to second-degree murder and possession with intent to deliver, the State dropped the simultaneous-possession-of-drugs-and-firearms charge, and Bailey received a sentencing recommendation of twelve years on the murder charge and a sentencing recommendation of ten years on the possession charge. Bailey and the State did not enter into any agreement concerning an award of jail-time credit. They both agreed that Bailey was entitled to jail-time credit from July 29 through December 1, 2015, against his 12-year sentence on his murder conviction. They also both agreed that Bailey was entitled to jail-time credit from March 29, 2016, through April 5, 2018. They disagreed, however, as to which sentence of incarceration that portion of jail-time credit should apply.
The State took the position that, with respect to his sentence on the murder conviction, Bailey was entitled to credit for only the 123 days he served in pretrial detention before he was released on bond.[3] He was not entitled to credit for the 736 days he spent in detention after his bond was revoked.[4] The State posited that because Bailey's bond was revoked as a result of his arrest on unrelated charges, that time period should be credited to his subsequent possession conviction, not his murder conviction.
Bailey disagreed. He contended that he was entitled to have not only the 123 days of jail-time credit for detention prior to being released on bond applied to his murder conviction but also the 736 days of jail-time credit for time served after his bond was revoked.
The trial court agreed with the State and entered an order granting Bailey only 123 days of jail-time credit against his twelve-year sentence on his murder conviction and denying Bailey's motion for an additional 736 days of jail-time credit against that conviction. Bailey appeals.
On appeal, Bailey argues that the trial court misapplied Arkansas Code Annotated section 5-4-404 (Repl. 2013). This statute entitled "Credit for time spent in custody" reads as follows:
If a defendant is held in custody for conduct that results in a sentence to imprisonment or confinement as a condition of suspension or probation, the court , the Department of Correction, or the Department of Community Correction shall credit the time spent in custody against the sentence , including time spent in a local jail facility awaiting transfer to the Department of Correction or the Department of Community Correction.
Id. (emphasis added). The statute itself provides only that the defendant is entitled to credit; it does not provide any guidance as to how the jail-time credit should be allocated when it is attributable to multiple convictions. Here, Bailey pled guilty to multiple convictions.
*23 While the statute does not address how jail-time credit should be allocated or attributed between multiple convictions, our supreme court has provided some guidance. It has held that "credit for jail time is appropriate when the pretrial incarceration is due to inability to make bail, but ... not appropriate when the incarceration is due wholly to unrelated charges that are based on conduct other than that for which the defendant is sentenced." Humphrey v. State , 300 Ark. 383, 384, 779 S.W.2d 530, 531 (1989).
On appeal, both parties agree that Bailey is entitled to jail-time credit against his murder sentence for the 123 days from the date of his arrest on this charge to the date he was released on bond. They disagree, however, as to whether Bailey is entitled to credit for the 736 days he spent in detention after his bond was revoked.
Bailey admits that he was arrested and held on unrelated charges beginning March 29, 2016. However, he claims that when his bond was revoked on the murder charge on March 31, he was no longer being held solely on the unrelated charges. Instead, he was being detained on both the murder charge and the new unrelated charges. He contends that as a result, his incarceration was not "due wholly to the unrelated charges." Thus, he is entitled to an additional 736 days of credit against his murder sentence because of his bond revocation.
The State disagrees and argues that the period of incarceration at issue in this appeal began with Bailey's arrest on subsequent unrelated criminal charges; therefore, his period of incarceration should be applied to the subsequent charges.
Interestingly, both parties cite Jones v. State , 301 Ark. 510, 785 S.W.2d 217 (1990), as support for their position. Bailey argues that Jones stands for the proposition that jail-time credit should be applied to the initial charges in multiple-charge convictions-almost a first-in-time, first-in-line argument. We disagree. In Jones , the defendant was continuously in custody on the initial charges except for a brief period of time when the defendant had escaped from custody. The supreme court held that in those circumstances, the jail-time credit should be applied only to the initial charges. Here, however, Bailey had been released on bond on the initial charges and then was rearrested on unrelated charges. Thus, his reincarceration was due, at least initially, to those unrelated charges; therefore, Jones does not particularly support Bailey's argument.
Likewise, the State contends that Jones supports its position, citing it for the proposition that the jail-time credit should be applied to the charges on which the period of continuous custody begins-in this case, the arrest on the unrelated charges leading to the possession conviction. Essentially, the State argues a "but for" analysis: but for Bailey's arrest on the unrelated possession charge, his bond would not have been revoked on the murder charge. While this is a logical argument, it is not exactly what the Jones case holds. Jones simply holds that jail-time credit is attributable to the initial charges when the defendant is continuously in custody and is later charged with unrelated criminal conduct. We do not find Jones supportive of either position for which it was cited.
Here, Bailey brought this appeal arguing that the trial court misapplied Arkansas Code Annotated section 5-4-404. We disagree. This statute does not address how jail-time credit should be allocated or attributed between multiple convictions. Clearly, he was sentenced on multiple convictions. On appeal, he has not offered persuasive authority that the trial court erred in denying his claim for additional *24 jail-time credit of 736 days against his murder conviction. Therefore, we affirm.
Affirmed.
Virden, J., agrees.
Klappenbach, J., concurs.

This charge was formally filed in the Jefferson County Circuit Court under case number 35CR-15-491.

Those charges were filed in the Jefferson County Circuit Court under case number 35CR-16-221.

This 123-day period is from July 29 through December 1, 2015, his pretrial detention prior to being released on bond.

This 736-day period is from March 31, 2016, through April 5, 2018.