N. Mark Klappenbach, Judge, concurring.
I agree that the circuit court's decision should be affirmed, but I would hold that the State's position is correct-the 736 days of jail-time credit should be applied only to the sentence resulting from the charge on which the defendant was detained at the onset of the period of continuous custody. As the State argues, Bailey's period of continuous custody began with his arrest on the unrelated drug charges. He never bonded out on the drug charges. Although the facts in Jones v. State , 301 Ark. 510, 785 S.W.2d 217 (1990), are somewhat distinguishable, the supreme court held that the defendant should be granted jail-time credit for the time he was held in continuous custody and that it should be applied only to the sentences resulting from the charges that initiated his detention. The court cited the rationale in Travis v. State , 292 Ark. 463, 464, 730 S.W.2d 501, 501-02 (1987), which held that jail-time credit was not available when "the defendant's incarceration exists because of charges or criminal conduct other than the one on which the defendant seeks credit and for which he is convicted and sentenced." Here, although Bailey's arrest on the drug charges led to the revocation of his bond on the murder charge, his incarceration initially existed because of the drug charges. For these reasons, I agree to affirm the circuit court.