## W. A. MASSEY *v.* STATE of Arkansas

CR 82-159                                        648 S.W.2d 52

Supreme Court of Arkansas
Opinion delivered March 21, 1983
[Rehearing denied April 25, 1983.*]

*Metcalf & O'Neal,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. The State charged appellant with incest and rape by alleging that on numerous occasions he engaged in sexual intercourse or deviate sexual activity by forcible compulsion with his fourteen year old daughter. He employed an attorney but that attorney was granted leave to withdraw as the result of a conflict of interest. Appellant requested that he be allowed to represent himself. The trial judge appointed a second attorney to assist appellant in the preparation of his defense and to act in a standby capacity at trial. The second attorney carefully detailed the various possible sentences which appellant faced and offered to assist the appellant in any manner. That attorney then moved to Texas and a third one was appointed.

---

*PURTLE, J., would grant rehearing.

Over the next three and one-half months the third attorney consulted in person with appellant, telephoned him and wrote him. It is undisputed that the attorney related the nature of the charges and the possible penalties. He informed him of a plea bargain offer by the State. However, the appellant stated he did not want to plea bargain and did not want the attorney to defend him. Immediately prior to trial, the trial judge conducted another in camera hearing and again appellant stated that he desired to proceed without an attorney. He stated: "I understand that I have a right to use Mr. Lippard as my attorney. In fact he is my lawyer." The judge cautioned the appellant and questioned the wisdom of his decision. He responded that there was no defense and "I'll take what they give." Additionally, he stated that his family had already been hurt enough.

At trial, appellant's daughter testified to incidents of sexual intercourse by forcible compulsion as well as deviate sexual activity by forcible compulsion. A medical doctor's testimony tended to corroborate her testimony. The State rested. Appellant's attorney approached the bench and stated that appellant would not allow him to put on a defense. In chambers appellant again stated he did not want to further embarrass his family and he simply did not want to defend.

The jury found appellant guilty and fixed his punishment at twenty years on the charge of rape and ten years on the charge of incest. We affirm.

An accused may voluntarily and intelligently waive the right to counsel and choose to represent himself. *Barnes* v. *State,* 258 Ark. 565, 528 S.W.2d 370 (1975). Here, such a waiver undoubtedly occurred. Nonetheless, the trial judge appointed a standby attorney but appellant refused to allow the attorney to defend. The services of an attorney cannot be forced upon an accused. *Nichols* v. *State,* 273 Ark. 466, 620 S.W.2d 942 (1981).

Appellant next contends that the charges of rape and incest should have been merged because they grew out of the same factual situation. We do not find it necessary to

determine whether rape by sexual intercourse or rape by deviate sexual activity and incest require different elements of proof. There was ample testimony by which the jury could have found that appellant committed rape by deviate sexual activity on one occasion and, on other occasions, was guilty of incest by having sexual intercourse with his daughter. Each act constituted a separate offense. *King* v. *State,* 262 Ark. 342, 557 S.W.2d 386 (1977). Appellant was properly convicted on separate counts.

Appellant was convicted and transported to the Department of Correction. Twenty-six days later a motion for a new trial and a notice of appeal were filed. At the hearing, which was held two months after appellant was imprisoned, the trial judge announced he would change the sentences to run concurrently if he could. He later ruled that he no longer had jurisdiction to alter the sentences. The trial judge was correct. Once the execution of the sentence has begun the trial court loses jurisdiction to modify the sentence. *Charles* v. *State,* 256 Ark. 690, 510 S.W.2d 68 (1974).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. In addition to the fact that appellant never had the services of any single lawyer long enough to prepare a defense I disagree with the majority opinion. As I understand the opinion it holds that one act of sexual conduct may result in a conviction for rape by deviate sexual activity or rape and incest. If that is not the holding then the holding must be that it is not necessary to charge and convict a defendant for a criminal act performed on a particular date so long as there is evidence that some or similar criminal acts were committed in the past. It is not possible to determine from the record, briefs or majority opinion on what date the criminal act occurred or for which specific act appellant was convicted. The same conduct cannot support two convictions in violation of Ark. Stat. Ann. § 41-105 (Repl. 1977). *See Akins* v. *State,* 278 Ark. 180, 644 S.W.2d 273 (1983). The majority cites *King* v. *State,* 262 Ark. 342, 557 S.W.2d 386 (1977) as support for the opposing

position; however, *King* was convicted of burglary and theft by receiving. His offenses occurred at separate places and apparently on different dates. I agree with our holding in *King* but think it has absolutely no bearing on the present facts.

I cannot agree with an opinion which holds that the trial court had no authority to cause the sentences to run concurrently after the appellant commenced serving his sentence under the present circumstances. Appellant was tried on March 3, 1982, and transported to the Arkansas Department of Correction the next day. The judgment was not filed until March 11, 1982, at which time appellant was already serving the sentence. On March 29, 1982, a motion for a new trial was filed. Notice of appeal was filed on the same date. On April 14, 1982, the trial court ordered appellant returned for a hearing on the motion for a new trial. This hearing was held on May 11, 1982. The motion was denied but appellant was allowed to remain on bail pending an appeal. He is still on bond pending appeal.

The majority rely upon the case of *Charles* v. *State*, 256 Ark. 690, 510 S.W.2d 68 (1974). Charles had entered guilty pleas to eight charges and had served four months of his sentence. Additionally, *Charles* is not precedent for the present facts because he sought to have the trial court order the department of correction to credit him with time served. The holding was that the trial court had no authority to order prison officials to credit certain time toward the sentence. The *Charles* opinion did recognize that the trial court had power over its judgment during the term in which it was renderd and until the appeal is perfected to an appellate court. Appellant had no time within which to perfect his appeal because he was whisked away the day after his trial.

If such procedure is allowed to stand, the state may cause a person to be illegally sentenced and rush him to the penitentiary to start serving a sentence thereby denying him his right of appeal to correct the error. A.R.Cr.P. Rule 36.13 (Supp. 1981) specifically deals with appeals after confinement. The rule states in part:

If the trial court admits the defendant to bail pending appeal, the court may recall the commitment by which the sentence was carried into execution.

The trial court set appeal bail at ten thousand dollars on the day of the trial. The majority opinion allows the sheriff to override the court order, and deny appellant his rights, by simply rushing the convicted person to prison immediately after trial. This simply cannot be right, and I must dissent.