Eddie Junior NELSON *v.* STATE of Arkansas

CR 84-71                                                  680 S.W.2d 91

Supreme Court of Arkansas
Opinion delivered December 3, 1984

*William R. Simpson, Jr.,* Public Defender, *Jerome Kearney,* Deputy Public Defender, by: *Thomas J. O'Hearn,* Deputy Public Defender.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. In July and August, 1981, the appellant, a youthful offender, committed three felonies. He was charged in circuit court with each felony and, in January, 1982, pleaded guilty. The judgment of conviction provides that he was sentenced in each case . . . "to five years; two years suspended to run *concurrent,* credit for jail time of 159 days." He was placed in the custody of the Department of Correction under the Youthful Offender Alternative Service Act of 1975. Ark. Stat. Ann. §§ 43-2339 through 43-2349 (Repl. 1977). Later, he was released but soon committed three additional felonies. The prosecuting attorney filed a petition for revocation of that part of the sentences upon which execution had been suspended. The trial court revoked suspension of execution of the remainder

of each sentence and ordered the sentences to be served *consecutively*. The appellant contends that the trial court was without jurisdiction to change the judgment from concurrent to consecutive after the first part of the sentences had been placed into execution. The argument is meritorious. We reverse. Jurisdiction is in this court. Rule 29 (1)(c).

A sentence must be in accordance with the statutes in effect on the date of the crime. Ark. Stat. Ann. § 41-803 (Repl. 1977); *Cooper* v. *State*, 278 Ark. 394, 645 S.W.2d 950 (1983). The Youthful Offenders Alternative Service Act of 1975 was in effect in 1981, the date of the crimes and, by the provisions in § 43-2342(a), a trial judge could suspend either the imposition or the execution of the sentence and place a youthful offender on probation under supervision of the judicial branch, or else, in accordance with the provisions of § 43-2342 (c), sentence the offender to the Department of Correction for transfer to an alternative service program or immediate pardon under supervision of the executive branch. The judgment of conviction in this case reflects that the judge sentenced the offender under § 43-2342(c) and the sentence was put into execution because appellant was placed in the custody of the Department of Correction,

Under the Criminal Code, once the execution of a sentence has begun, the trial court loses jurisdiction to modify the sentence. *Massey* v. *State*, 278 Ark. 625, 648 S.W.2d 52 (1983). Correspondingly, the courts have no inherent authority to modify a sentence after execution of that sentence has begun because, at that time, the power to exercise discretion has passed to the executive branch of government. *Davis* v. *State*, 169 Ark. 932, 277 S.W. 5 (1925). Thus, the trial court was without jurisdiction to modify the sentences after execution of those sentences had commenced. In addition, a new sentence cannot be set at a revocation hearing. *Deaton* v. *State*, 283 Ark. 79, 671 S.W.2d 175 (1984).

We address only the point raised, and make no comment upon the validity of single sentencing proceeding in which the offender is sentenced, the sentence is placed into execution, and the court subsequently places the offender on judicial probation. We leave that problem for another day.

Reversed.