Thomas Charles LAMBERT and Elmer SMITH *v.* STATE
of Arkansas

CR 85-116                                        692 S.W.2d 238

Supreme Court of Arkansas
Opinion delivered July 8, 1985

*William R. Simpson, Jr.,* Public Defender, *Jacquelyn C. Gregan,* Deputy Public Defender, by: *Donald K. Campbell,* Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Connie Griffin,* Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Thomas Lambert and Elmer Smith escaped from the Wrightsville Unit of the Department of Corrections on August 14, 1983. They both pleaded guilty to the

charge of escape. Due to the circumstances surrounding the escape, the trial court was convinced they should not receive severe sentences and suspended their sentences. However, the state subsequently realized that, according to Ark. Stat. Ann. § 41-803 (Supp. 1983), neither should have received a suspended sentence, because Smith had four prior convictions and Lambert more than one. The state's first motion to correct the sentence was denied. However, their motion for reconsideration, filed May 30, 1984, was granted and the judge corrected the first sentence so that Lambert received a six year sentence and Smith eight years.

■ On appeal the appellants argue that the trial court had lost jurisdiction to correct the sentences. The law is clear that the trial court had no authority to suspend the sentences. Ark. Stat. Ann. § 41-803 (5) is mandatory: "The court *shall not suspend* imposition of sentence. . . if it is determined, pursuant to Section 1005 [41-1005], that the defendant has previously been convicted of two (2) or more felonies." (Italics supplied.)

■ We have long held that *valid* sentences cannot be modified once execution of the sentence has begun. *Nelson* v. *State*, 284 Ark. 156, 680 S.W.2d 91 (1984); *Coones* v. *State*, 280 Ark. 321, 657 S.W.2d 553 (1983); *Rogers* v. *State*, 265 Ark. 945, 582 S.W.2d 7 (1979); *Fletcher* v. *State*, 198 Ark. 376, 128 S.W.2d 997 (1939); *Emerson* v. *Boyles*, 170 Ark. 621, 280 S.W. 1005 (1926). However, we have not applied that rule to an illegal sentence. The general rule is that if the original sentence is illegal, even though partially executed, the sentencing court may correct it. *In re Bonner*, 151 U.S. 242 (1893); *People* v. *Grimble*, 116 Cal. App. 3d 678, 172 Cal. Rptr. 362 (1981); *State* v. *Fountaine*, 199 Kan. 434, 430 P.2d 235 (1967); 4 Wharton's Criminal Procedure § 611 (1976). In this case the court imposed what amounts to a void sentence—one beyond its authority. See *In re Bonner, supra*. It does not matter that no objection was made at the time since the court was acting in excess of its authority and that was a question of subject matter jurisdiction which cannot be waived by the parties. *Coones* v. *State, supra*.

■ The fact that a notice of appeal had been filed did not preclude the trial court from acting. *Glick* v. *State*, 283 Ark. 412, 677 S.W.2d 844 (1984); *Andrews* v. *Lauener*, 229 Ark. 894, 319 S.W.2d 805 (1958); *Fletcher* v. *State, supra; Robinson* v.

410

*Arkansas Loan & Trust Co.*, 72 Ark. 475, 81 S.W. 609 (1904).

Affirmed.

DUDLEY, J., not participating.