Lonnie HOWARD *v.* STATE of Arkansas

CR 86-30                                                      715 S.W.2d 440

Supreme Court of Arkansas
Opinion delivered September 15, 1986

*William R. Simpson, Jr.*, Public Defender, by: *Jerry Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is an appeal from denial of a habeas corpus petition. The appellant was convicted of failure to appear, a felony. *See* Ark. Stat. Ann. § 41-2820(2) (Repl. 1977). At the same trial he was convicted of misdemeanor theft by receiving. *See* Ark. Stat. Ann. § 41-2206(5)(c) (Repl. 1977). The judge sentenced the appellant on the felony conviction to serve three years in the Arkansas Department of Correction with two years suspended. On the misdemeanor conviction, the appellant was sentenced to serve one year in Pulaski County jail, to pay a $250 fine, and to make restitution of $50. The sentences were to be served consecutively.

After the appellant had served the one year not suspended on the felony charge, in the Arkansas Department of Correction, he was transferred to the county jail. He then brought a petition for habeas corpus, contending his sentence to the county jail was unlawful. The trial judge held a hearing at which it was agreed among all parties that the judge had made it clear when sentencing the appellant that the sentences were to run consecutively, and neither the appellant nor the state had advised him of the illegality of the sentences. The judge stated for the record his opinion that by failure to contend the misdemeanor sentence was

illegal when it was imposed in conjuction with the felony sentence the appellant had waived his right to challenge it and thus was not entitled to a writ of habeas corpus.

The misdemeanor sentence imposed in this case was void because the court lacked the authority to impose it. Ark. Stat. Ann. § 41-903(3) (Repl. 1977) states:

> The power of the court to order that sentences run consecutively shall be subject to the following limitations:

> (a) a sentence of imprisonment for a misdemeanor and a sentence of imprisonment for a felony shall run concurrently and both sentences shall be satisfied by service of sentence for a felony . . . .

When we are confronted with an allegation that a sentence is void or illegal, we consider it a matter of subject matter jurisdiction which we may review whether or not an objection was made in the trial court. *Coones* v. *State,* 280 Ark. 321, 657 S.W.2d 553 (1983). *See also Lambert* v. *State,* 286 Ark. 408, 692 S.W.2d 238 (1985).

The denial of the writ of habeas corpus is reversed, and the case is remanded to the circuit court for entry of an order not inconsistent with this opinion.