Kimmy R. REDDING v. STATE of Arkansas

CR 87-150                                                      738 S.W.2d 410

Supreme Court of Arkansas
Opinion delivered November 2, 1987

*Hurst Law Office*, by: *Larry Honeycutt*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven III*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. We granted review from the decision of the Court of Appeals, Division II, pursuant to Supreme Court Rule 29(6). The Court of Appeals had affirmed the conviction of appellant who had been tried for sale of a controlled substance. This trial resulted after the trial judge set aside the appellant's guilty plea and sentence and granted a trial. We reverse the decision of the Court of Appeals and vacate the second sentence and reinstate the original sentence, which had been placed into execution before the change of plea was granted.

On December 20, 1985, the appellant entered a guilty plea to three counts of delivery of a controlled substance and on that same day was sentenced to an eight year term and a fine of $1000. Also on the same day an order of commitment to the Department of Correction was issued and appellant was remanded to the custody of the sheriff for delivery to the Department of Correction. On January 2, 1986, while awaiting transportation to the Department of Correction, the trial court granted appellant's motion to withdraw his guilty plea of December 20, 1985. Upon

his subsequent trial he was given ten years and fined $10,000.

■ This appeal is from the conviction and resulting sentence at the trial. One point argued on appeal is that the trial court lost jurisdiction after it accepted the guilty plea, pronounced sentence and issued a commitment order remanding the appellant to the custody of the sheriff to be delivered to the Department of Correction. The Attorney General concedes that the trial court was without authority to vacate the original judgment and sentence. Since we agree with this argument we do not discuss the other issues raised on appeal. There is no right to appeal from a guilty plea.

■ The court, at any time before pronouncing sentence, may allow a defendant to withdraw his plea if it is fair and just to do so. However, a defendant has no right to withdraw a plea after it has been accepted by the court unless it is necessary to correct a manifest injustice. See A.R.Cr.P. Rule 26.1. A sentence is placed into execution when the court issues a commitment order unless the trial court grants appellate bond or specifically delays execution of sentence upon other valid grounds. Once a valid sentence has been put into execution, the trial court is without jurisdiction to modify, amend or revise it. *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 424 (1977). After the sentence is put into execution the power to change the sentence passes from the trial court to the executive branch of government. *Nelson* v. *State*, 284 Ark. 156, 680 S.W.2d 91 (1984).

In this case the sentence had already been pronounced and commitment issued before the trial court attempted to set the sentence aside. The trial court was without jurisdiction to do so and its order vacating the sentence was void. The case is remanded to the trial court with directions to reinstate the plea accepted and the sentence imposed on December 20, 1985.

Reversed and remanded.