Joe Carl LANFORD *v.* STATE of Arkansas

CA CR 90-33　　　　　　　　　　　　800 S.W.2d 434

Court of Appeals of Arkansas
Division II
Opinion delivered December 5, 1990

*Jerry Cavaneau*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. In 1986, appellant, Joe Carl Lanford, pled guilty to a violation of the Controlled Substance Act. The court suspended imposition of sentence for a period of five years. In 1988, a petition to revoke the suspension was filed alleging that appellant had again violated that act by selling

cocaine. The court heard the petition on January 3, 1989, and took the matter under advisement to enable counsel to submit additional evidence if they desired. On February 22, 1989, at a second hearing, no additional evidence was offered, and the court found by a preponderance of the evidence that appellant had violated the conditions of his suspended imposition of sentence.

Appellant's counsel then announced that an agreement as to disposition had been reached with the prosecuting attorney. The court stated that it would listen to the proposal but was not bound by it. Counsel announced that the parties proposed that appellant be given a sentence of five years in the Arkansas Department of Correction. In exchange for the prosecutor's recommendation, appellant was to dismiss a federal lawsuit challenging the conditions at the Ouachita County jail. After listening to the proposal, the trial court stated:

THE COURT: All right, Mr. Lanford. I think I'm willing to go most of the way with this, if you're willing to accept the Court's judgment.

It will be the judgment of the Court that the petition to revoke is granted. You will be sentenced to the term of five years in the Arkansas Department of Correction and that sentence will run consecutive with the outstanding sentence that you are now serving which is mandatory. I'm sure you know that and understand it, or you've been told. The Court would also suspend the imposition of an additional sentence to the Arkansas Department of Correction for a period of five years. Now do you understand that that means that when you are released from the Department of Correction you will report to the sheriff that you have been released from the Department of Correction. For five years from that date you will continue on the same terms and conditions that you were under on this original suspended sentence and if you can stay out of trouble, you are not going to have any trouble with me. If you violate that sentence, you are subject to being returned back to the penitentiary for as much as 15 years. Do you have any questions? Anything you don't understand? Anything you want to ask me at this time?

[APPELLANT]: Judge, you're telling me I been placed

back on probation for five years?

THE COURT: I'm saying that when you return from the Department of Correction, you're still under a suspended imposition of sentence. That's correct. I would do this very reluctantly because I intended clearly to impose a much harsher sentence in this case, much harsher. I wish I were convinced that you could return tó this community and lead a law-abiding life. I'm really not convinced, they may be, so I would be willing to go along with all of you to see. Do you have any questions?

[APPELLANT]: Well I have a lot of questions but I don't see that it would help any. It's still not going by what I had agreed, that I had understanding with Mr. Gillaspie [appellant's trial counsel] on.

THE COURT: Okay, so in other words, you would rather the Court go ahead with the sentence it had originally planned to impose.

[APPELLANT]: Yes, sir.

THE COURT: With what it originally had in mind?

[APPELLANT]: Well, originally — what we agreed on.

THE COURT: I can understand that, but we didn't agree on anything. The State agreed to make a recommendation that this Court will not accept.

[APPELLANT'S TRIAL COUNSEL]: Your Honor, could I confer with him just a minute?

THE COURT: No, sir, I think having listened to Mr. Lanford, the Court will impose its own sentence. It will be the sentence of the Court that the defendant will be sentenced to the term of 20 years in the Arkansas Department of Correction. That sentence will run consecutive with the sentence that he has to serve at this time. All right. That's all. The defendant will be remanded to the custody of the sheriff for transportation to the Department of Correction.

A judgment and commitment order sentencing appellant to twenty years was issued on February 22, 1989. Appellant then

filed a *pro se* motion to correct an illegal sentence, requesting that the court reinstate the original sentence. *See* Ark. Code Ann. § 16-90-111 (Supp. 1989). Appellant's counsel then filed a motion for reduction of sentence, praying that it be heard together with appellant's *pro se* motion and requesting that, if the court found appellant's sentence not to be illegal, the court reconsider and reduce appellant's sentence. *See id.* The parties then filed a writing in which appellant's counsel recommended that he accept the prosecutor's offer to agree to have the court reduce appellant's sentence from twenty to fifteen years, but reserve for decision appellant's motion to correct an illegal sentence. Appellant accepted that proposal in writing. The court found no merit in appellant's motion to correct an illegal sentence, but it did reconsider the twenty-year sentence pursuant to counsel's motion to reduce and reduced the sentence to fifteen years. New counsel was appointed for appellant on appeal.

Appellant first contends that the twenty-year sentence imposed on him was illegal. He argues that the statements made by the court at the conclusion of the February 22, 1989, hearing constituted the imposition of a sentence of five years to be followed by a suspended imposition of any additional sentence for a period of five years, and that the court was thereafter without "jurisdiction" to alter that sentence. The State argues that these statements by the court amounted to no more than a recitation of what the court would agree to if accepted by appellant, and that, in any event, the court had jurisdiction to alter it at any time before the sentence, if imposed, was placed into execution. The view we take of the case does not require that we resolve the issue of whether the court actually imposed the lesser sentence. We conclude that, even if the court had imposed such a sentence, it had not lost jurisdiction to alter it at the time that the larger sentence was imposed.

It is true that, with the exception of the provisions of Ark. Code Ann. § 16-90-111 (Supp. 1989), a trial court is without jurisdiction to modify, amend, or revise a valid sentence once it is placed into execution. *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987); *Nelson* v. *State*, 284 Ark. 156, 680 S.W.2d 91 (1984). The basis for this rule is that jurisdiction over the offender has passed to the executive branch of government. However, according to *Redding*, it is only "[a]fter the sentence is

placed into execution" that the power to change the sentence passes from the trial court to the executive branch. 293 Ark. at 413, 738 S.W.2d at 411. *See also Charles v. State*, 256 Ark. 690, 510 S.W.2d 68 (1974); *Williams v. State*, 229 Ark. 42, 313 S.W.2d 242 (1958); *Fletcher v. State*, 198 Ark. 376, 128 S.W.2d 997 (1939); *Emerson v. Boyles*, 170 Ark. 621, 280 S.W. 1005 (1926). *Redding* also held that, subject to certain exceptions not applicable here, a sentence is placed into execution by the issuance of a commitment order. *See also* Ark. Code Ann. § 12-27-103(b)(1) (1987) ("[t]he department [of correction] shall have exclusive jurisdiction over . . . all persons and offenders *committed to, or in the custody of*, the state penitentiary" (emphasis added)).

In this case, no commitment order had been issued at the time that the twenty-year sentence was imposed. Therefore, we conclude that the trial court had not lost jurisdiction to change any prior sentencing order it may have rendered.[1]

Appellant's reliance on *Standridge v. State*, 290 Ark. 150, 717 S.W.2d 795 (1986), is misplaced. In *Standridge*, the court orally suspended imposition of sentence for one year. The "sentence" was rendered, but, before it was reduced to writing, the appellant violated the conditions of the suspension. The only issue before the court there was whether the rendered sentence was effective for the purpose of revocation prior to the formal entry of a commitment order. The court held that the sentence was "effective" when rendered. The question of whether a trial court retained jurisdiction to modify a sentence after rendition but before it was placed into execution was neither an issue nor decided in that case. Nor is *Coones v. State*, 280 Ark. 321, 657 S.W.2d 553 (1983), cited by appellant, supportive of his position. At the time *Coones* was decided, our supreme court was committed to the rule that, once a valid sentence is placed into execution,

---

[1] As to double jeopardy considerations, which are not argued in this appeal, see *United States v. DiFrancesco*, 449 U.S. 117 (1980), where the United States Supreme Court held that the mere imposition of a criminal sentence is not to be accorded constitutional finality and conclusiveness similar to that which attaches to a jury's verdict of acquittal. The Court noted with approval the established practice in the federal courts that the sentencing judge may recall the defendant and increase his sentence, at least so long as he has not yet begun to serve his sentence.

the trial court is without jurisdiction to modify it. That rule was applied in *Coones* to an order that modified a sentence nearly one year after the appellant had already begun serving his original sentence. The continuance of a trial court's jurisdiction over its orders prior to placing a sentence into execution was not an issue.

Appellant next contends that the trial court abused its discretion in imposing the twenty-year sentence. He argues that the sentence was imposed in anger rather than in the exercise of judicial deliberation, and that appellant was denied the assistance of his counsel at a critical juncture of the proceeding and denied a meaningful choice in accepting or rejecting the sentence that the court was proposing.

From our examination of the record, we cannot agree that the sentence was imposed in anger rather than being based upon the court's conclusion that, on the facts before it, a more severe sentence than was recommended was warranted. There is more merit in the argument that the trial court should have allowed appellant to discuss the matter with his counsel in order to make certain that he fully understood what was happening. However, as noted above, the record discloses that, subsequent to the imposition of the twenty-year sentence, appellant's counsel recommended that appellant accept the prosecuting attorney's offer to recommend a reduction of the sentence to fifteen years and that appellant agreed to that proposal in writing. The court subsequently granted the motion to reduce the sentence to fifteen years pursuant to Ark. Code Ann. § 16-90-111 (Supp. 1989). Since appellant obtained the relief he asked of the court on this point after he had ample opportunity to fully discuss the matter with counsel and obtain his advice, he should not now be heard to complain.

Affirmed.

COOPER and MAYFIELD, JJ., agree.