Travis GAGE *v.* STATE of Arkansas

CR 91-133 819 S.W.2d 279

Supreme Court of Arkansas
Opinion delivered November 18, 1991

*Janet P. Gallman,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Senior Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Travis Gage, appeals the denial of his motion to strike an illegal judgment. On March 19, 1990, ·appellant plead guilty to eight counts of burglary and eight counts of theft of property pursuant to the First Offenders Act. On March 20, 1990, the trial court entered a judgment of appellant's guilt and sentenced him concurrently to ten years on each count. Imposition of the sentence was suspended under certain conditions, including that appellant serve 104 days in the Washington County Jail. Appellant appeals contending the trial court erred in entering the judgment of guilt and in imposing an illegal sentence in excess of the maximum time allowed in jail. We reverse and remand.

Appellant argues the judgment of guilt is illegal on its

face because it states that it is entered pursuant to the First Offenders Act, which specifically prohibits the entry of a judgment of guilt. The First Offenders Act provides:

> Whenever an accused enters a plea of guilty . . . prior to an ajudication of guilt, the judge of the circuit or municipal court, . . . in the case of a defendant who has not been previously convicted of a felony, *without entering a judgment of guilt* and with the consent of the defendant, may defer further proceedings and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court. [Emphasis supplied.]

Ark. Code Ann. § 16-93-303 (1987). Given that the judgment entered recites on its face that appellant is found guilty and sentenced under the First Offenders Act, appellee concedes that appellant was sentenced illegally. We conclude the trial court erred in entering this judgment and in denying appellant's motion to correct an illegal judgment.

■ Appellant also argues that his sentence is illegal because, as a condition of his probation, the court confined appellant to the county jail for a term in excess of that allowed by the probation statute. Ark. Code Ann. § 5-4-304(c) (1987) limits the time of confinement as a condition of probation to ninety days. As a condition of his probation, appellant was required to serve 104 days, or fifty-two weekends, in the county jail. Appellee does not respond to this portion of appellant's argument. We address it because appellant's sentence is clearly in violation of section 5-4-304(c) and should be corrected on remand for resentencing.

The judgment entered against appellant is illegal on its face in that it enters a judgment of guilt in violation of section 16-93-303 and imposes an illegal sentence in violation of section 5-4-304(c). We reverse and remand with directions that the judgment of guilt be withdrawn consistent with the First Offenders Act and that appellant be resentenced in accordance with section 5-4-304(c).