Brian Keith BANGS *v.* STATE of Arkansas

CR 91-283                                835 S.W.2d 294

Supreme Court of Arkansas
Opinion delivered July 13, 1992

*Kinney & Snowden*, by: *William G. Snowden*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Brian Keith Bangs,

appeals from the revocation of his suspended sentence. He makes three arguments on appeal, one of which requires our interpretation of Ark. Code Ann. § 5-4-104 (Supp. 1991). Our jurisdiction is therefore proper pursuant to Ark. Sup. Ct. R. 29(1)(c). We find no merit to appellant's arguments and affirm.

On June 6, 1989, appellant pleaded guilty to theft of property, a Class C felony. He was ordered to pay the victims restitution and was sentenced to the Arkansas Department of Correction for three years, and an additional sentence of three years was suspended subject to specific conditions. Two of the conditions of suspension are pertinent to this appeal; the first condition is that appellant report regularly to a probation officer and the second is that appellant not commit any offenses punishable by imprisonment.

After appellant paid approximately one-half of the restitution, the trial court modified appellant's sentence to one and one-half years in the Arkansas Department of Correction with an additional four and one-half years suspended. The trial court entered the modified judgment on September 27, 1989, and incorporated by reference the previously entered conditions of suspension.

In June 1991, appellant was arrested for kidnapping and rape. He was held in the Stone County Jail and escaped from there on June 30, 1991. On August 20, 1991, the trial court held a hearing on the state's petition to revoke appellant's suspension and entered a judgment finding that appellant had violated the terms of his suspended sentence by committing the offense of escape, revoking his suspended sentence, and sentencing appellant to eight years in the Arkansas Department of Correction. It is from this judgment that appellant appeals.

Appellant's first argument is that the trial court erred in sentencing him to suspension and also requiring that he report regularly to a probation officer. He claims that by requiring him to report to a probation officer as a condition of his suspended sentence, the trial court imposed what amounted to de facto probation. Thus, appellant claims that pursuant to Ark. Code Ann. § 5-4-304 (1987), the trial court imposed an illegal sentence by sentencing him to probation following a term of imprisonment. Appellant's claim is that the de facto probation rendered his

sentence void *ab inito* and therefore not subject to revocation by the trial court.

Appellee first responds to this argument with two theories why we should not reach the merits of appellant's claim. First, appellee argues appellant's abstract is flagrantly deficient such that we should affirm pursuant to Ark. Sup. Ct. R. 9. It is true that neither appellant's abstract nor his supplemental abstract includes the conditions of his suspension, a material part of the record which is necessary to an understanding of the questions presented to us for decision. *See* Ark. Sup. Ct. R. 9(d). However, appellee cured the deficiency by including the pertinent conditions of suspension in its supplemental abstract. *See* Ark. Sup. Ct. R. 9(e)(1). Second, appellee responds by asserting that appellant did not preserve this argument for appellate review because he did not raise an objection in the trial court concerning the imposition of the condition that he report to a probation officer. It is true that no objection was made below. However, we treat allegations of void or illegal sentences similar to problems of subject matter jurisdiction in that we review such allegations whether or not an objection was made in the trial court. *Howard v. State*, 289 Ark. 587, 715 S.W.2d 440 (1986). A sentence is void when the trial court lacks authority to impose it. *Id.* Here, appellant asserts that the trial court was without authority to impose a sentence of imprisonment followed by probation. Therefore, we address the merits of appellant's argument.

Section 5-4-104(a) provides that a trial court's disposition of a defendant is to be conducted in accordance with Chapter 4 of the Arkansas Criminal Code. Section 5-4-104(e)(3) provides that a trial court may sentence the defendant to a term of imprisonment and suspend imposition of a sentence as to an additional term of imprisonment, but the court shall not sentence a defendant to imprisonment and place him on probation, except as authorized by section 5-4-304.

The distinction between probation and suspension is one of supervision. Ark. Code Ann. § 5-4-101 (1987) defines both probation and suspension as release without pronouncement of sentence. However, probation is defined as "release without pronouncement of sentence but subject to the supervision of a probation officer" and suspension is defined as "release without

pronouncement of sentence and without supervision."

In an effort to explain section 5-4-104's simultaneous authorization of suspension following imprisonment and prohibition of probation following imprisonment, the official commentary points out that suspension following imprisonment was authorized because of its widespread use by the Arkansas trial bench. The commentary also explains that probation was prohibited from following imprisonment because supervision by both the court and the Board of Pardons and Paroles is a needless duplication of effort conducive to jurisdictional disputes. Thus, section 5-4-104(e)(3) provides that if a trial court desires to sentence a defendant to both probation and incarceration, it may do so, but only in accordance with section 5-4-304. The incarceration authorized by section 5-4-304 is a period of "shock" confinement in a facility other than the Department of Correction to enhance the effectiveness of a subsequent period of probation or suspension. This shock confinement may be served intermittently but is limited to no longer than ninety days.

■ Thus, as appellee concedes in its brief, our statutes do not authorize a trial court to impose a sentence of imprisonment in the Arkansas Department of Correction followed by probation. The issue then is whether the trial court did just that — sentence appellant to imprisonment followed by probation. Appellant argues the trial court's requirement that appellant report to a probation officer transformed the suspension into probation. He argues that such a transformation occurred and resulted in his de facto probation.

■ We have never recognized any doctrine or concept of de facto probation, and appellant has not cited us to any authority, in our jurisdiction or elsewhere, recognizing such a concept. We are not inclined to approve or disapprove such a doctrine in the absence of authority or convincing argument on the subject. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

Appellee responds to the merits of appellant's argument by asserting that, should we determine appellant was illegally sentenced to probation following imprisonment, he was not prejudiced because the trial court based the revocation on appellant's violation of the condition that he not commit any offenses punishable by imprisonment. Had the trial court based

the revocation on the grounds that appellant violated the condition requiring him to report to a probation officer, the state concedes appellant would have been prejudiced.

■ Although we do not reach a determination that appellant was illegally sentenced to a term of imprisonment followed by probation, we agree with appellee's argument that appellant was not prejudiced by the trial court's actions in this case. No matter how one views the sentence that was imposed in this case, there is no overlooking the fact that the trial court revoked appellant's suspension because he violated the condition prohibiting him from committing any offenses punishable by imprisonment, and not because he violated the condition requiring him to report to a probation officer. Thus, the prejudice suffered by appellant, the revocation of his suspension, was a result of the escape, and not an allegedly illegally imposed probation.

■ Even if we were to determine that appellant was illegally sentenced to a term of imprisonment followed by probation, the remedy for an illegal sentence is not dismissal of all related proceedings in the trial court and release from imprisonment, as appellant requests. Neither is the remedy dismissal of the state's petition to revoke. The general rule is that if the original sentence is illegal, even though partially executed, the sentencing court may correct it. *Lambert* v. *State*, 286 Ark. 408, 692 S.W.2d 238 (1985) (citing *In re Bonner*, 151 U.S. 242 (1893)); *see Gage* v. *State*, 307 Ark. 285, 819 S.W.2d 279 (1991). In addition, Ark. Code Ann. § 16-90-111 (Supp. 1991) specifically states that illegal sentences may be corrected at any time.

■ Thus, had appellant presented this argument to the trial court, the trial court could have easily corrected the alleged illegality in the original sentence. It is true that appellant was not required to present his argument to the trial court in order to receive appellate review. However, on appeal, we cannot dismiss the petition to revoke and thereby allow appellant to benefit from his failure to seek the appropriate remedy by petitioning the trial court for correction pursuant to section 16-90-111. Where an error has nothing to do with the issue of guilt or innocence and relates only to punishment, it may be corrected in lieu of reversing and remanding. *Richards* v. *State*, 309 Ark. 133, 827 S.W.2d 155 (1992); *Ellis* v. *State*, 270 Ark. 243, 603 S.W.2d 891 (1980).

Therefore, we affirm the trial court's revocation based on the escape and modify the conditions so that appellant is no longer required to report to a probation officer.

Appellant's second argument on appeal is that the trial court erred in denying his motion to dismiss at the revocation hearing. The basis of this second point on appeal is that the trial court was not authorized to sentence appellant to a term of imprisonment followed by suspension. Such a sentence, argues appellant, is prohibited by the cases of *Hunter* v. *State*, 278 Ark. 428, 645 S.W.2d 954 (1983), and *Easley* v. *State*, 274 Ark. 215, 623 S.W.2d 189 (1981). Appellant cites *Hunter* for the proposition that a trial court is without authority to modify a sentence in a criminal case once it is put into execution. Appellant also argues that the sentence he received is a multiple sentence and *Easley* prohibits multiple sentences in criminal cases.

Appellee correctly points out that the sentence appellant received, a term of imprisonment in the Department of Correction followed by an additional suspended sentence, is expressly permitted by section 5-4-104(e)(3). *See Brimer* v. *State*, 295 Ark. 20, 746 S.W.2d 370 (1988). That statute is very clear and unambiguous. We recognize the existence of prior case law interpreting prior sentencing statutes that are not applicable to this case. *Hunter* and *Easley*, the two cases relied upon by appellant, are two such cases. They were written prior to the effective date of section 5-4-104(e)(3). In addition, since those cases, section 16-90-111 was enacted giving trial courts express authority to correct an illegal sentence at any time.

The sentence appellant received was within the applicable time limitations for a Class C felony and was expressly authorized by section 5-4-104(e)(3). Appellant was sentenced legally. There was no error in the denial of appellant's motion to dismiss. In addition, we wish to reiterate our previous statement that dismissal is not a remedy for an illegal or invalid sentence.

Appellant's third argument on appeal is that the trial court erred in applying Ark. Code Ann. § 5-4-309(d) (1987) when it revoked his suspension. Section 5-4-309(d) provides that "[i]f the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension or probation, it may revoke the suspension or probation at

any time prior to the expiration of the period of suspension or probation." Specifically, appellant asserts the trial court erred in finding that he "inexcusably" failed to comply with the conditions of his suspension. Appellant's theory is that he was badly influenced by other inmates of the Stone County Jail and fell victim to the excitement of their escape, so he joined them. Appellant claims this is the only reason he attempted the escape, that he made a "dumb mistake," and therefore it was an excusable violation of the condition of his suspension that he not commit a punishable offense.

Appellant's argument is without merit. It is well settled that we will not overturn a decision in the trial court to grant a petition to revoke unless it is clearly against the preponderance of the evidence. *Standridge* v. *State*, 290 Ark. 150, 717 S.W.2d 795 (1986); *Pearson* v. *State*, 262 Ark. 513, 558 S.W.2d 149 (1977). The petition to revoke appellant's suspension alleged that he had violated the conditions of his suspension by committing third degree battery, rape, kidnapping, and escape from jail. At the hearing to revoke, evidence was presented that while housed in the Stone County Jail, appellant and other inmates escaped. Appellant participated in the escape by wrestling with an officer and holding him while another inmate attempted to handcuff the officer. There was no evidence of any legitimate excuse by appellant for his participation in the escape.

We do not accept appellant's theory that he was overwhelmed by the bad influences of the other inmates. If we were to accept such a theory as an excuse for violation of the conditions of suspension and probation, we would very likely be excusing most criminal behavior. This we will not do. The preponderance of the evidence at the revocation hearing indicates appellant committed the crime of escape. We affirm the trial court's decision to revoke his suspension because of this conduct which violated a condition of his suspension.

Affirmed as modified.