## Bobby SCISSOM *v.* STATE of Arkansas

CR 06-351                                      240 S.W.3d 100

Supreme Court of Arkansas
Opinion delivered September 28, 2006

*Dunham & Faught, P.A.,* by: *James Dunham,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Laura Shue,* Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice. Appellee, the State of Arkansas, petitions for review from a court of appeals' decision to reverse and remand the Pope County Circuit Court's order that extended appellant's probation by ordering him to serve twelve months in the Regional Punishment Facility as an additional condition of probation, with credit to be given for time already served. *See Scissom v. State,* 94 Ark. App. 452, 232 S.W.3d 502 (2006). We granted the State's petition for review pursuant to Ark. Sup. Ct. R. 2-4(e) and (f) (2006). We affirm the court of appeals' decision for resentencing, and we reverse and remand to the circuit court for sentencing under the proper statutes.

In March of 2003, appellant was charged with one count of possession of a controlled substance with intent to deliver, a Class C felony and a violation under Ark. Code Ann. § 5-64-401 (2003). In its order issued September 29, 2003, the trial court placed appellant on probation for sixty months conditioned in part upon his serving 120 days in the county jail, a fine of $850, $150 in court costs, and 168 hours of community service work. Also, the trial court ordered appellant to meet with a probation officer on a regular basis and to refrain from using any controlled substances. On January 5, 2005, the State filed a petition for revocation of probation alleging that appellant failed to report to his probation officer, was delinquent on probation fees and court payments, and used controlled substances during his probationary period.

In its order dated March 7, 2005, after finding that appellant had violated the conditions of his probation, the trial court decided not to revoke the probation as requested by the State. Instead, the court ordered appellant to serve twelve months in the Regional Punishment Facility as an additional condition of his probation. Appellant filed a timely notice of appeal. The court of appeals reversed and remanded the trial court's order with an instruction that no additional period of confinement could be imposed. A petition for review was filed in this court on April 3, 2006, and was granted on June 29, 2006.

When we grant petitions for review of a decision by the court of appeals, we review the appeal as if it had been originally filed in this court. *Castaneda v. Progressive Classic Ins. Co.*, 357 Ark. 345, 166 S.W.3d 556 (2004). At issue here is a question of law in the interpretation of a statute. This court reviews questions of law *de novo. Brown v. Pine Bluff Nursing Home,* 359 Ark. 471, 199 S.W.3d 45 (2004).

For his sole point on appeal, appellant argues that the trial court erred when it ordered appellant to serve twelve months in a Regional Punishment Facility as an additional condition of his probation. Specifically, appellant contends that, under Ark. Code Ann. § 5-4-304(d) such a term imposed as a condition of probation could not exceed twelve months. The additional twelve months ordered by the judge would result in a sixteen month period imposed as a condition of appellant's probation period, clearly exceeding the statutory requirement. The State argues that the court erred in its order because it did not use the statute that was in effect at the time appellant was charged.

Since the enactment of the criminal code, this court has held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Sullivan v. State,* 366 Ark. 183, 234 S.W.3d 285 (2006) (citing *Taylor v. State,* 354 Ark. 450, 125 S.W.3d 174 (2003)). Sentencing is entirely a matter of statute in Arkansas. *Id. See* Ark. Code Ann. § 5-4-104(a) (Repl. 2006). If the statute does not authorize the particular sentence ordered by the trial court, the case must be reversed and remanded. *Id. See also State v. Joslin,* 364 Ark. 545, 222 S.W.3d 168 (2006). This court has further held that the general rule concerning illegal sentences is that if the original sentence is illegal, even though partially executed, the sentencing court may correct it. *Bangs v. State,* 310 Ark. 235, 835 S.W.2d 294 (1992)(citing *Lambert v. State,* 286 Ark. 408, 692 S.W.2d 238 (1985)); *see also Gage v. State,* 307 Ark. 285, 819 S.W.2d 279 (1991).

In this case, the trial court apparently used the sentencing statute that became effective July 16, 2003, when determining appellant's probation sentence. The statute provides in part:

(d)(1)(A) The period actually spent in confinement pursuant to this section *in a county jail, city jail, or other authorized local detentional, correctional, or rehabilitative facility* shall not exceed:

(i) One hundred twenty (120) days in the case of a felony; or

(ii) Thirty (30) days in the case of a misdemeanor.

*(B) In the case of confinement to a facility in the Department of Community Correction, the period actually spent in confinement under this section shall not exceed three hundred sixty-five (365) days.*

(2) For purposes of this subsection, any part of a twenty-four-hour period spent in confinement shall constitute a day of confinement.

Ark. Code Ann. § 5-4-304(d) (Supp. 2003) (emphasis added). The italicized language was added by Act 1742 and was effective July 16, 2003, after appellant committed the crime.

Appellant committed a Class C felony on February 27, 2003. The version of Ark. Code Ann. § 5-4-304(d) that was effective on that date did not include the provision for 365 days; rather, it limited the time that could be served as a condition of probation to 120 days in confinement. As stated in *Sullivan, supra,*

we have held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. Therefore, we hold that the trial court erred in amending appellant's probation to include a year in a Regional Punishment Facility when the statute in effect at the time of the offense limits the period to 120 days. Appellant's sentence is illegal. Pursuant to the limitations set forth above, we reverse and remand this case back to the trial court for proper disposition as set forth in Ark. Code Ann. §§ 5-4-304, 306 and 309 (2003).

We reverse and remand for sentencing under the proper statute.

Court of appeals affirmed in part, reversed in part; circuit court reversed and remanded.