RHONDA K. WOOD, Associate Justice
Appellant Johnny Ratliff appeals the circuit court's denial of his pro se petition for writ of habeas corpus. Ratliff contends that the circuit court abused its discretion in failing to find that he stated sufficient grounds for the writ when he alleged (1) that there was insufficient evidence to support *409 the enhancements to the sentences for prior convictions noted on the judgment and (2) that he was not competent when the crimes were committed or to stand trial. We affirm the denial of Ratliff's habeas petition.
On appeal, this court affirmed the judgment at issue in Ratliff's habeas petition. Ratliff v. State , 359 Ark. 479, 199 S.W.3d 79 (2004). Ratliff filed his petition asserting the two claims that he also raises on appeal-insufficient evidence to support the sentence enhancements noted on the judgment and his incompetence-among others.[1] The circuit court found, citing Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503, that Ratliff's petition failed to set forth a basis for the writ. Unless a petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Id. A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. Garrison v. Kelley , 2018 Ark. 8, 534 S.W.3d 136. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id.
Ratliff alleges that the circuit court's application of Philyaw was error because any such limitations would unconstitutionally suspend the right to the writ in violation of article 2, section 11 of the Constitution of the State of Arkansas of 1874. He cites Renshaw v. Norris , 337 Ark. 494, 989 S.W.2d 515 (1999). Ratliff is mistaken. Renshaw explained that the General Assembly's role was to set out the procedural mechanism for obtaining habeas relief. Id. at 497, 989 S.W.2d at 517.
Ratliff additionally contends that the trial court abused its discretion in finding that the grounds in his petition did not support the writ. Most of the grounds for relief that Ratliff argued below, he does not raise on appeal. These are considered abandoned. The two grounds that he alleges on appeal-insufficient evidence to support the enhancements for his prior convictions that were noted on the judgment and that he was incorrectly found competent as a result of defective evidence that had been admitted-fall outside of the defining limitations of the writ. Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. Williams v. Kelley , 2017 Ark. 200, 521 S.W.3d 104. An issue with the admission of evidence, which includes the issue Ratliff raised concerning the evidence to support the enhancements and the evidence supporting the trial court's decision on his competency, is a challenge that is not cognizable in a habeas proceeding. See Philyaw , 2015 Ark. 465, 477 S.W.3d 503.
The State, not Ratliff, points out that there is a clerical error in the judgment and commitment order. Ratliff was charged and convicted of a Class-B felony, however, the order reflects a Class-Y felony. The sentence of 30 years is within the statutory range for both a Class-B felony and a Class-Y felony under the applicable habitual-offender statute thus the sentence remains valid on its face. See Ark. Code Ann. § 5-4-501(b)(2) (Supp. 2001). As the State explains, clerical errors do not prevent the enforcement of the judgment and the sentencing court, not the current lower court, may enter an order nunc pro tunc at any time to correct clerical errors in the judgment or order. Vance v. State , 2011 Ark. 243, 383 S.W.3d 325. That is outside *410 the purview of the present matter as the defendant did not raise it in his habeas petition and it factually does not impact either of the grounds for habeas.
Affirmed.

Ratliff appears to reference on appeal that he filed a second petition, but only one petition is contained in the record and only one petition is referenced in the order appealed.