## Bobby SCISSOM  *v.*  STATE of Arkansas

CA CR 05–725                    232 S.W.3d 502

### Court of Appeals of Arkansas
### Opinion delivered March 15, 2006

*James Dunham*, Managing Pub. Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

Andree Layton Roaf, Judge. This is an appeal from a revocation proceeding. Bobby Scissom appeals from the

trial court's imposition of twelve months confinement in a regional correction facility as an additional condition of probation. On appeal, Scissom argues that the sentence exceeds the maximum authorized as a condition of his probation because he had originally been ordered to serve 120 days in the county jail. The State concedes error. We reverse the trial court's order and remand the matter for resentencing in accordance with this opinion.

In the underlying case, Scissom pleaded guilty to the offense of possession of marijuana with intent to deliver, a Class C felony, and was placed on probation for a period of sixty months, with several designated conditions of probation, including that he was to serve 120 days in the Pope County Jail. The judgment and disposition order and the conditions of suspension or probation were filed on October 2, 2003. On January 5, 2005, the State filed a petition to revoke Scissom's probation, alleging that he had violated several of the conditions of his probation. The revocation hearing was held on March 7, 2003. Following the presentation of evidence, the trial court stated: "I'm not going to revoke his probation but I am going to add as a condition of probation that he be sent to a Regional Correction Facility for one year, with credit for time served." In its March 8, 2005 order, the trial court specifically ordered, "The Court orders that Defendant's probation shall not be revoked, but that defendant shall serve 12 months in the Regional Punishment Facility as an additional condition of probation."

Scissom appeals from the imposition of additional confinement; the State has not cross-appealed the trial court's order that Scissom's probation not be revoked. For his sole point of appeal, Scissom contends that when the trial court added the additional twelve months' confinement as a condition of his probation, after previously ordering him to serve 120 days in the Pope County Jail, it was in excess of the period of confinement allowed by law. We agree.

The statute in effect at the time the underlying offense was committed must govern sentencing, and in the absence of a provision stating that an act will apply retroactively, the act will apply prospectively only. *State v. Williams*, 315 Ark. 464, 868 S.W.2d 461 (1994). According to the Information, the crime for which Scissom pleaded guilty and received probation was committed "on or about 2/27/03." The Arkansas Code Annotated section 5-4-304 then in effect provided in pertinent part:

(c) Following a revocation hearing held pursuant to Arkansas Code § 5-4-301 and wherein a finding of guilt has been made or the defendant has entered a plea of guilty or nolo contendere, the court may add a period of confinement to be served during the period of suspension of imposition of sentence or period of probation, *if no period of confinement was included in the original order placing the defendant on suspended imposition of sentence or probation.*

(d)(1) *The period actually spent in confinement pursuant to this section shall not exceed one hundred twenty (120) days in the case of a felony* or thirty (30) days in the case of a misdemeanor.

(2) For purposes of this subsection, any part of a twenty-four-hour period spent in confinement shall constitute a day of confinement.

(e) If the suspension or probation of the defendant is subsequently revoked and the defendant is sentenced to a term of imprisonment, the period actually spent in confinement pursuant to this section shall be credited against the subsequent sentence.

(Supp. 2001) (emphasis added). By Act 1742 of 2003, which became effective July 16, 2003, *i.e.,* after the underlying offense was committed here, section 5-4-304(d) was amended to provide:

(d)(1)(A) The period actually spent in confinement pursuant to this section in a county jail, city jail, or other authorized local detentional, correctional, or rehabilitative facility shall not exceed one hundred twenty (120) days in the case of a felony or thirty (30) days in the case of a misdemeanor.

(B) In the case of confinement to a Department of Community Correction facility, the period actually spent in confinement under this section shall not exceed three hundred sixty-five (365) days.

■ ■ In paragraph 17 of the original "conditions of suspension or probation," Scissom was ordered to "serve a period of confinement for 120 days at county jail credit 2 days served." In the order following the revocation hearing, which was filed on March 8, 2005, the trial court ordered "that Defendant's probation shall not be revoked, but that defendant shall serve 12 months in the Regional Punishment Facility as an additional condition of probation." Because the statute in effect at the time the underlying

offense was committed only allowed for a period of confinement not to exceed 120 days, the trial court, at the revocation hearing, apparently operated under the amended statute, which became effective July 16, 2003, and clearly erred in imposing an additional period of confinement of 365 days. In addition, subsection (c) of the statute in effect when the underlying offense was committed provided that a period of confinement to be served during the time of probation may be added "*if* no period of confinement was included in the original order placing the defendant on . . . probation." (Emphasis added.) Here, a period of confinement *was* included in the original order, *i.e.*, 120 days. Therefore, no additional period of confinement may now be imposed.

Accordingly, we reverse and remand this matter with instructions to strike the twelve-month period of confinement imposed by the trial court as an additional condition of Scissom's probation. The trial court, of course, may impose such other available additional conditions of probation or fines during the period of probation as authorized by Ark. Code Ann. § 5-4-306(b) (Supp. 1999). *See Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999).

Reversed and remanded.

HART, BIRD, and NEAL, JJ., agree.

PITTMAN, C.J., and GLOVER, J., concur in part; dissent in part.

DAVID M. GLOVER, Judge, concurring in part; dissenting in part. I dissent from the majority opinion to the extent that it limits the trial court to imposing "such other available additional conditions of probation or fines during the period of probation as authorized by Ark. Code Ann. § 5-4-306(b) (Supp. 1999)." In my opinion, we should not, at this point, attempt to define the full range of options available to the trial court upon remand. It appears to me that it is premature to decide that the trial court is limited to adding to or modifying the conditions of appellant's probation. Notably, at the revocation hearing, the trial court specifically found that appellant had violated the terms and conditions of his probation. Whether the trial court could decide upon remand to revoke the probation is an issue that is not yet before us and one which has not been briefed by the parties. I do not read the case cited by the majority, *Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999), which did not involve a revocation

hearing, as prohibiting the trial court from considering revocation as an option upon remand. In the absence of any definitive authority regarding the options available to the trial court, I think that we should express no opinion on that matter.

PITTMAN, C.J., joins in this opinion.